## HARNEY v. WOODEN and Another.

COMMON SCHOOLS.—*Special Revenue.*—School trustees, in anticipation of the actual collection of funds levied under the act of March 9th, 1867 (Acts 1867, p. 30), may employ teachers to carry on schools within the year for which the levy has been made, to be paid out of such funds when collected.

SAME.—*School Revenue for Tuition.*—The only portion of the school fund which the school trustees may not expend in anticipation is the school revenue for tuition belonging to the State, and by it apportioned.

APPEAL from the Decatur Circuit Court.

RAY, C. J.—The appellant, a tax payer, and one of the school trustees of the city of Greensburg, brought his action to enjoin the two other school trustees from contracting with certain persons as teachers, to carry on a school, from August 31st, 1868, for a term of ten months, to be paid out of the school fund. The Circuit Court refused the injunction. The only question presented for our consideration is whether the funds levied by the common council of

the city for the year 1868, may be thus anticipated before they are actually collected.

The first section of the act "to provide for a general system of common schools," &c., approved March 6th, 1865, provides for a state tax for the purpose of supporting a general system of common schools. The second section of the act provides that the funds derived from certain sources shall be denominated the "Common School Fund," and that realized from the sale of Congressional township school lands shall be denominated "Congressional Township School Fund," and that the income from the latter, together with the taxes mentioned in the first section of the act, with the money derived from licenses for the sale of intoxicating liquor, and unclaimed fees, shall be denominated the "School Revenue for Tuition," the whole of which is appropriated and to be applied exclusively to furnishing tuition to the common schools of the State, without any deduction for the expense of collection or disbursement.

The eighth section provides that "the trustees shall keep a record of their proceedings relative to the schools, including all orders and allowances on account thereof; including, also, accounts of all receipts and expenditures of school revenue, distinguishing between the special school revenue belonging to their township, town, or city, and the school revenue for tuition which belongs to the State, and by it apportioned to their township, town, or city, which said revenue for tuition they shall not permit to be expended for any other purpose, nor even for that purpose, in advance of its apportionment to their respective corporations."

The twelfth section authorizes the trustees of the several townships, towns, and cities to levy a special tax for the construction, renting, or repairing of school houses, providing furniture, school apparatus, and fuel therefor, and for the payment of other necessary expenses of the school, except tuition. It plainly appears that the only por-

tion of the school fund which the school trustees may not, by the express provisions of the law, expend in anticipation, is that which must be apportioned. The reason for this restriction is equally clear. Until the apportionment is made, the amount due to the school district cannot, with any accuracy, be determined. But this is not so with the special tax levied by the township, and therefore no such limitation of power is imposed.

The tax in question in this case was levied under the act of March 9th, 1867, authorizing township trustees, trustees of incorporated towns, and common councils of cities to levy a tax for school purposes. The second section of that act provides that the funds arising from such tax shall be under the charge and control of the same officers, secured by the same guarantees, subject to the same rules and regulations, and applied and expended in the same manner as funds arising from taxation for common school purposes, except that the funds are to be expended in the same civil district where they are collected. The requirement that the funds shall be expended where collected, renders inaplicable the restriction in the eighth section of the school law, that no fund shall be expended " in advance of its apportionment," for here there can be no apportionment. Nor does the reason of the limitation apply; for the amount to be raised by the city levy may be calculated with reasonable certainty, and contracts may be made within the year based upon the tax levy for school purposes for that year, although the money may not be actually collected. The complaint in this case being simply to enjoin the present application of the school fund, we do not feel called upon to discuss the constitutionality of the law authorizing the levy of taxes. The ruling of the court having been in accordance with this construction of the law, the judgment is affirmed, with costs.

J. S. Scobey and E. R. Monfort, for appellant.

C. Shane, W. A. Moore, W. Cumback, S. A. Bonner, C. Ewing, J. K. Ewing, J. Gavin, and J. D. Miller, for appellees.