## SHEFFIELD SCHOOL TOWNSHIP *v.* ANDRESS.

TOWNSHIP.—*Promissory Note.—School Township.*—Where a promissory note, though executed by a township trustee apparently in the name of his civil township, shows upon its face that it has been given in consideration of services rendered by the payee for the school township, an action may be maintained thereon against the latter.

SAME.—*Power to Execute Promissory Note.—Payable in Bank.*—A school township, by and in the name of its trustee, may execute a valid, negotiable promissory note, for any debt contracted for the benefit of its property; but it is not governed by the law merchant, and an assignee takes it subject to all defences.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellant.

*J. R. Coffroth,* for appellee.

PERKINS, C. J.—This was an action by appellee, against Sheffield School Township, of Tippecanoe county, and Alfred W. Gregory.

The first and second paragraphs of the complaint are upon two promissory notes, executed by Gregory, as trustee of the school township, to Joshua Baker, and by him assigned to the appellee.

The note is as follows:

"$550.00.        LAFAYETTE, IND., August 29th, 1873.

"One year after date, Sheffield township promises to pay to the order of Joshua Baker, at the Indiana National Bank of Lafayette, five hundred and fifty dollars, with interest at the rate of ten per cent. per annum, after maturity, the interest until maturity at that rate having been paid in advance, (and ten per cent. attorney fees, if suit be instituted on this note,) value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. This order is given for work done on school building, to be paid out of the special fund.

                                                "A. W. GREGORY,
                                "Trustee for Sheffield Township."

Endorsed:

    "Pay Edgar H. Andrews.        JOSHUA BAKER.

"Not paid for want of funds, September 1st, 1874.

                                        "A. W. GREGORY, Trustee."

The second one is exactly like the first except as to amount.

The third paragraph of the complaint is as follows:

"Said plaintiff further complains of the defendant and says, that said defendant, Sheffield School Township, of Tippecanoe county, was, at the time hereinafter men-

tioned and for a long time previous thereto, a corporation for school purposes; that said Gregory was, at the time aforesaid, trustee of said township; that said Gregory, as such trustee, contracted with one Joshua Baker for the building of a school-house in said township, for the use of the schools of said township; that, pursuant to said contract, the said Baker built said school-house in said township, and the said township thereby, then and there, to wit, on the 29th day of August, 1873, became and was indebted to said Baker for the building of said house, as aforesaid, in the sum of eight hundred and eighty dollars; that, being so indebted, the said Gregory, as such trustee, as evidence of such indebtedness, executed and delivered to said Baker two writings obligatory, copies of which are herewith filed and made a part of this complaint, in these words, to wit." (Here follow two notes, a copy of one of which is hereinbefore set forth.) " That by the terms of each of which writings obligatory the said defendant agreed to pay ten per cent. per annum, and also ten per cent. attorney fees, if suit should be instituted thereon; that before the maturity of said writings obligatory, or either of them, the said Baker endorsed each of them to the plaintiff, and that each of them is now due and remains unpaid. Wherefore," etc.

Gregory demurred to each paragraph of the complaint, his demurrer was sustained, and final judgment was rendered in his favor upon the demurrer.

The demurrer of the school township to each paragraph of the complaint was overruled, and this presents the principal question in the case, viz.:

Can a school township execute a valid promissory note in consideration of a liability incurred in building a school-house?

Section 1 (1 G. & H. 570) of "An act incorporating school townships, defining their powers," etc., is as follows:

" That each and every township that now is, or may

hereafter be organized in any county in this State, is hereby also declared to be a school township, and as such, to be a body politic and corporate, by the name and style of '———— school ———— township of ———— county,' according to the name of the township and of the county in which the same may be organized, and by such name may contract and may be contracted with, sue and be sued, in any court having competent jurisdiction."

Section 4 (1 R. S. 1876, p. 780,) of the school law is as follows:

"Each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes, by the name and style of the civil township, town or city corporation, respectively, and by such name may contract and be contracted with, sue and be sued in any court having competent jurisdiction, and the trustees of such township and the trustees provided for in the next section of this act, shall, for their township, town or city, be school trustees, and perform the duties of clerk and treasurer for school purposes.".

By these provisions, the school township is created " a body politic and corporate," and " may contract and be contracted with, sue and be sued."

By other provisions of the school law, it may build or repair school-houses, and buy furniture, apparatus, fuel, etc. For any of these purposes, it may create an indebtedness.

In *Harney* v. *Wooden,* 30 Ind. 178, it was held, " that the only portion of the school fund which the school trustees may not, by the express provisions of the law, expend in anticipation, is that " (the general tuition fund) " which must be apportioned."

The note, in this case, is signed by "A. W. Gregory, Trustee for Sheffield Township", without distinguishing whether he is acting as trustee for the civil or the school township. *Prima facie,* the signature indicates the civil

township, but the contents of the note show that the debt for which it was given was the debt of the school township, and the suit is in the name of the school township.

In *Jackson Township* v. *Barnes*, 55 Ind. 136, a suit against the civil township, on paper executed similarly to the note in this case, and where the contents of the paper, as in this case, showed that it was for a debt of the school township, the court said:

" If the action had been brought against the latter corporation," (that is, the school township,) " we might possibly have held, that the contract sued on, although apparently executed in the name of the civil township, was, in fact, the contract of the school township, for the reason that the contract, upon its face, was a promise to pay for certain property which the school corporation, only, had the right to purchase."

What we then thought we might hold, we have now concluded we can, and, accordingly, do hold, that the suit by the school township can be sustained on the note sued on in this case.

We proceed to the question of the power of the township to execute the note. It was ever a power in corporations to make contracts, *intra vires*, that is, within their powers.

Always, they could make necessary and proper contracts, in respect to the business legitimately arising within the scope of their corporate powers. Always, they could make them in writing, and, formerly, could, at common law, make them only in writing; and yet they could not make a promissory note. This was not because they could not give an obligation to pay a debt, but because corporations, at common law, could not make a parol contract, and, at common law, a promissory note is a parol contract. Chitty Con. 22.

The doctrine of the common law was, until quite a late period, that a corporation, unless specially authorized by

statute, could only contract by deed, that is, under its seal. "For a corporation, being an invisible body, can not manifest its intention by any personal act or oral discourse; it therefore acts and speaks only by its common seal. ·* * * It is the fixing of the seal, and that only, which unites the several assents of the individuals who compose the community and makes one joint assent of the whole." 1 Bl. Com. 475; 2 Kent Com. 291.

But this doctrine is now utterly exploded. See Kent, *supra,* and notes. Corporations now can make contracts within the scope of their powers, in writing, as formerly, with the seal omitted, and the signature of the proper officer or agent of the corporation substituted; and it is better that they should be so made, in all cases, as it tends to prevent disputes as to their terms, and makes them, where necessary, comply with the statute of frauds.

Municipal and *quasi* corporations can make, in a proper case, a promissory note. *Ketchum* v. *The City of Buffalo,* 14 N. Y. 356; *The Evansville, etc., R. R. Co.* v. *The City of Evansville,* 15 Ind. 395.

In the case of *Clarke* v. *School District No.* 7, 3 R. I. 199, a case in its facts and in the statute of that state, under which it arose, peculiarly in point to the case now before us, the court, after reviewing the authorities, uses this language:

"A corporation may, then, bind itself by a negotiable promissory note or bill of exchange for any debt contracted in the course of its legitimate business, for any expenses incurred in any matter or thing which it is authorized to do— or any matter which is not foreign to the purposes of its creation.

"Has this corporation done an act foreign to the purposes of its creation? It contracted debts for legitimate purposes, which debts it was legally bound to pay.

"It is not of *absolute* necessity that a corporation should give its promissory note for such debt, even to the original creditor: but it is easy to see that by so doing it postpones payment and obtains an extended credit. The law,

however, permits it as a matter convenient to the corporation, as it is to every other person, because the corporation is not thereby carrying on a business foreign to the purposes of its creation. These objects are pursued, notwithstanding, and none others. It does not alter the amount of indebtedness, nor is the ultimate purpose different."

But the narrower question is made in this case, could the appellant, viz., Sheffield School Township, execute the notes sued on in this case? Being payable out of a particular fund, they are not commercial paper, and their assignment could cut off no defence, in the hands of the assignee. Story Prom. Notes, secs. 18 to 23. *Hays* v. *Gwin,* 19 Ind. 19 ; *Johnson* v. *Seymour,* 19 Ind. 24.

An individual could have legally executed them. They are within the law of this State. They stipulate for a legal rate of interest, and for attorney fees within the statute. They were given for the true amount of the debt owing upon a contract within the scope of the powers of the corporation.

When the time had arrived for payment for the labor done upon the school-house, the township had not the means to pay, and needed time. Suit was delayed a year by complying with such terms as to the payment of interest and possibly attorney fees, as the law allowed in such cases. We think it was within the discretion and power of the corporation to give the notes in accordance with these terms.

We hold the notes valid.

The judgment is affirmed, with costs.