No. 7608.

BICKNELL, ADM'X, v. WIDNER SCHOOL TOWNSHIP.

TOWNSHIP TRUSTEE.—*School Township.*—*Liability for Borrowed Money.*— *Contract.*—Where money is loaned to a township trustee for the purpose of completing a needed and suitable school-house, the trustee not then having funds on hands to finish the same, and the money is applied to such purpose, the school township represented by such trustee and receiving the benefit of said money is liable therefor.

From the Knox Circuit Court.

*W. H. De Wolfe* and *S. N. Chambers*, for appellant.
*F. W. Viehe* and *R. G. Evans*, for appellee.

NEWCOMB, C.—Final judgment was rendered by the court below, in favor of the appellee, on a single demurrer to a complaint in two paragraphs, filed by the appellee.

The first paragraph alleges that on August 7th, 1874, the defendant, by her officers, was engaged in erecting a school-house suitable for the educational purposes of said township, said building being necessary therefor; and, in order to complete said building, it became necessary for the defend-

ant to borrow money, and in order to obtain the same the defendant, by Thomas F. Chambers, her trustee, together with plaintiff's intestate, and three other persons named, executed their promissory note for $2,000 to one Jessup, payable three years after date, with ten per cent. interest, payable semi-annually in advance, with a stipulation that the principal should become due on failure to pay interest within ten days of its maturity; that plaintiff's intestate and the other makers of said note, except said trustee, signed the same as sureties only; that defendant received on said note $2,000, which was expended by said trustee in the erection of said school-house, which was necessary for the purposes aforesaid; that the defendant, by her said trustee and his successors in office, paid the interest on said note, including the instalment that became due August 7th, 1876, but thereafter failed and refused to pay such interest, in consequence whereof suit was instituted on said note, judgment was rendered against plaintiff as such administratrix and against the other sureties, and plaintiff was compelled to and did pay the sum of eight hundred dollars.

The second paragraph sets forth substantially the same facts as the first, relative to the erection of the school-house, the necessity for it, and the want of means to complete it, and avers that at the request of said township trustee, and for the purpose of completing said building, plaintiff's intestate advanced to said township and paid into the hands of said trustee the sum of five hundred dollars, which sum said trustee received and passed to the credit of the special school fund of said township; that afterward, on October 20th, 1874, said trustee reported the receipt of said sum of money to the Board of County Commissioners of Knox county, which report was by said board duly approved; that said township received the sole benefit of said sum, and the same was used in the erection and completion of said building.

Two questions have been discussed by counsel:

1. Was the township trustee authorized to borrow money for the purpose stated in the complaint, and give a note therefor binding on the township?

2. If the trustee had not a right to anticipate the special school revenue by borrowing temporarily, does the fact that the money borrowed was applied to the legitimate purpose of completing a school-house render the school township liable to repay it?

By section 4 of the act of March 6th, 1865, 1 R. S. 1876, p. 780, each civil township and each incorporated town or city is declared to be a distinct municipal corporation for school purposes, by the name of the civil township, town or city corporation, respectively, and by such name may contract and be contracted with, and sue and be sued.

The township trustee is the only person or officer authorized by law to act for the school township. He is the executive officer of the township. There is no provision in the statute by which the voters of the township can act on any question as a township. Popular meetings are provided for only in certain matters affecting school district subdivisions.

Section 7 of the act above cited makes the township trustee the custodian and disburser of the special school revenue, which includes all money raised by taxation in the township, for building, renting or repairing school-houses, providing furniture, fuel, etc., and for all other expenses of the schools, except for tuition.

By section 10 the trustee is required to take charge of the educational affairs of his township, to employ teachers, establish and conveniently locate a sufficient number of schools for the education of the children of the township, and build or otherwise provide suitable houses, furniture, apparatus, etc., necessary for the thorough organization and efficient management of the schools.

Section 12 empowers the trustee to levy a special tax, limited in amount, upon the property and polls of his township to enable him to execute the duties imposed by section 10.

It was the duty of the trustee to provide a sufficient number of school-houses to accommodate the children of his township. Was he bound to delay the performance of this duty until sufficient funds were raised by taxation to build such houses, without contracting any debts? There are authorities to the effect that when a municipal corporation is empowered by law to make given purchases or improvements, and the use of money is necessary to the performance of the granted power or duty, the principal grant carries with it the implied right to create debts by borrowing money, or otherwise, in the execution of the authority so expressly granted, unless the charter or statutory power under which the corporation acts inhibits the creation of such debt. *Mullarky* v. *Town of Cedar Falls*, 19 Iowa, 21; *City of Galena* v. *Corwith*, 48 Ill. 423; *Sturtevants* v. *City of Alton*, 3 McLean, 393; *Mills* v. *Gleason*, 11 Wis. 470; *Commonwealth* v. *Councils of Pittsburgh*, 41 Pa. St. 278; *Bank, etc.*, v. *Town of Chillicothe*, 7 Ohio, 354; *Clarke* v. *School District No. 7*, 3 R. I. 199.

In *Harney* v. *Wooden*, 30 Ind. 178, it was decided that a township trustee might employ teachers in anticipation of the actual collection of taxes levied to raise a special tuition fund under the act of March 9th, 1867.

In *Sheffield School Township* v. *Andress*, 56 Ind. 157, it was held that where a township trustee had incurred a debt in building a school-house he might lawfully execute a note, as trustee, for the amount due the builder, and that such note was a valid claim against the school township.

While this case affirms the power of a trustee to execute a note for work actually done, counsel for appellee have presented forcible arguments against the existence of authority to borrow money, in the first instance, on the credit of the township; for if the trustee is held to possess such power he may misapply the funds borrowed, and yet leave the town-

ship liable to repay the loan ; while in the case where a building has been erected, no possible loss can accrue to the township by the execution of a note to the builder.   It is also urged that the utter absence of any statutory authority to borrow money, and of a provision in his official bond for accounting for the proceeds of loans made by him, are conclusive considerations against the existence of the power.

We do not, however, deem it necessary, in this case, to pass upon the abstract question of the right of a township trustee to borrow money for building school-houses, and to bind the township by his note, or other obligation, therefor. The averments in the complaint, if he had not authority to execute a note, are sufficient to sustain a demand for money had and received, which was applied to the lawful use of the township.   If the note described in the first paragraph of the complaint should be held void as to the township, then the plaintiff's intestate, and his co-makers, who are described as sureties, were principals in the note given to Jessup ; and the sum so borrowed by them, it is averred, was received by the township and applied to and expended in the erection of the school-house in question.

Where, as in this case, the lender assumes the burden of proving that his money was advanced to the township trustee, for the purpose of completing a needed and suitable school-house, that the trustee had not the means in hand to finish the building, and that the money so advanced was, in fact, applied to that purpose, the supposed danger of recognizing a general power in the trustee to borrow money does not exist ; and the township, having received the benefit of the money thus advanced, should, on the simplest principles of justice, repay it.

This court, in *The State Board of Agriculture* v. *The Citizens Street R. W. Co.*, 47 Ind. 407, held that although there may be a defect of power in a corporation to make a contract, if a contract made by it is not in violation of the

charter of the company, or of any statute prohibiting it, and the corporation has by its promise induced a party relying upon such promise, and in execution of the contract, to expend money and perform his part thereof, the corporation is liable on the contract. This case was cited with approval in *Hitchcock* v. *City of Galveston*, 96 U. S. 341, where it was held that, although bonds issued by the city for street improvements might be invalid, yet the city was liable to the holder for work done under the contract

In Green's Brice's Ultra Vires, p. 724, the rule is stated in the following terms: "Persons who have in any way advanced money to a corporation, which money has been devoted to the necessaries of the corporation, are considered in Chancery as creditors of the corporation to the extent to which the loan has been so expended." The large number of cases cited in the text and notes of this work fully sustain the rule as above laid down.

We hold, therefore, that the facts stated in the complaint present a good cause of action against the appellee, and that the circuit court erred in sustaining the demurrer thereto.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed, at the costs of the appellee, and that this cause be remanded to the Knox Circuit Court for further proceedings in accordance with the above opinion.