First National Bank of Crawfordsville *v.* Union School Township, etc.

No. 7783.

FIRST NATIONAL BANK OF CRAWFORDSVILLE *v.* UNION
SCHOOL TOWNSHIP, ETC.

TOWNSHIP TRUSTEE.—*Authority to Borrow Money.—School Corporation.*
—While a township trustee has no authority to borrow money for the
use of the school corporation, yet, for money borrowed and actually
used for the benefit of the township, in a legitimate way, the township
may be liable.

SAME.—*Liability of Township.—Complaint.*—A paragraph of complaint,
in an action against a school township for money borrowed by the
township trustee, which shows that the money was used for the pur-
pose of paying corporate indebtedness, is sufficient, the liability aris-
ing not from the act of the trustee in borrowing the money and giving
a note, but from the obtaining of the money and its application to the
township's lawful uses.

From the Montgomery Circuit Court.

*J. R. Coffroth* and *T. A. Stuart*, for appellant.

*W. P. Britton*, *M. W. Bruner* and *E. C. Snyder*, for
appellee.

WOODS, J.—Complaint in six paragraphs, of which the
first and second were dismissed, and a demurrer sustained to
each of the others ; the court gave judgment for the appel-
lee, the appellant excepting and refusing to amend. These
paragraphs are, in substance, as follows :

*Third.* "The said plaintiff further complains of said de-
fendant and says, that at the time hereinafter mentioned, and
for a long time previous thereto, the said defendant was and
still is a corporation for school purposes, duly organized pur-
suant to the laws of the State of Indiana, in such case made
and provided ; and that John R. Robinson was the trustee of
said corporation, duly elected, commissioned and qualified as
such. That said defendant is indebted to the plaintiff in the
sum of twenty-seven thousand dollars for moneys loaned ; that
the same is due and remains unpaid,"—bill of particulars, etc.

The *fourth* paragraph alleges, *inter alia*, that the school
township was largely indebted to different persons, for "build-

ing and repairing of school houses in said township, and for fuel, furniture, school apparatus, etc., and being so indebted, and having no money with. which to pay the same, did (in anticipation of the taxes for special school purposes, etc., then levied upon the taxable property in said township and thereafter to be collected therefrom, and for the purpose of paying such indebtedness), borrow from the plaintiff the sum of $27,000."

The *fifth* paragraph is like the *fourth*, with the additional allegation, that, upon a settlement between the parties, there was found to be due the sum of $6,000, and for such sum the appellee gave the appellant its promissory note, payable six months after date, with ten per cent. interest and attorney's fees.

The *sixth* paragraph is like the fifth, with the additional averment, that the moneys so borrowed by the appellee for the purpose of paying the corporate indebtedness, the appellee "did apply the same in the payment of such indebtedness."

Copy of note :

"$6,000.00.    CRAWFORDSVILLE, Ind., June 27, 1876.

"One hundred and eighty days after date, for value received, we jointly and severally promise to pay to the order of B. Wasson, Cashier, at the First National Bank, of Crawfordsville, Ind., six thousand dollars, with ten per cent. interest after maturity and attorney's fees, if this note should be collected by attorney, without relief from valuation or appraisement laws. The drawers and endorsers severally waive," etc. "Union Township, Montgomery County.

"JOHN R. ROBINSON, Trustee."

The principal question here involved has been recently decided by this court, in the case of *Wallis* v. *Johnson School Township, post*, p. 368, wherein, after a full and careful consideration of the authorities, including those cited in this case, and of the provisions of the statute relating to the subject, it was held that the trustee of a school town-

ship has no power to borrow money; but at the same time the rule was recognized, as declared in *Bicknell* v. *Widner School Township*, 73 Ind. 501, that for money borrowed and actually used for the benefit of the township, in a legiti-mate way, the township may be held liable. It follows that, in sustaining the demurrers to the third, fourth and fifth paragraphs of the complaint, the court did right; but erred in sustaining the demurrer to the sixth paragraph, which is good, not because of the note therein set forth, but because it shows that the moneys so borrowed, for the purpose of paying the corporate indebtedness, the appellee did apply in the payment thereof. The liability to repay these moneys arises not from the act of the trustee in borrowing and giving a note for them, but from the obtaining and application of them to the appellee's lawful uses.

The judgment is reversed, with costs, and with instruc-tions to overrule the demurrer to the sixth paragraph of the complaint.