Johnson School Township *v.* Citizens Bank of Greenfield.

————◆————

No. 8864.

JOHNSON SCHOOL TOWNSHIP *v.* CITIZENS BANK OF GREENFIELD.

PROMISSORY NOTE.— *What is.—Form. —School Township.—Township Trustee.— Descriptio Personæ.*—An instrument may be a promissory note though it contains no direct "promise to pay," if it have equivalent words ; for instance, a writing of the following tenor: This is to certify that there is due from Johnson Township, to A. and B., or order, one hundred dollars for school furniture, payable on, etc., with interest, etc., for value received, etc ; payable at the First National Bank, etc.; signed W. H. F., "Trustee Johnson Township," is the promissory note of Johnson School Township.

SAME.—*Pleading.—Copies.*—A complaint of two paragraphs, upon two promissory notes of identical tenor, must be accompanied with a copy of each note, filed with its proper paragraph. It is not enough to put in place of a copy of either note a statement of its identity with the other exhibit.

SAME.—*Power of Township Trustee to Execute Note.*—A township trustee has authority to buy school furniture for the school township, and to give the promissory note of the corporation therefor; and payment can not be resisted on the ground that the goods were not needed, and the price too high, unless fraud is shown, nor then without an offer duly made to return the goods.

PRACTICE.—*Pleading.—Partial Defence.*—A partial defence pleaded as an entire defence is insufficient on demurrer.

SAME.—*Demurrer.—Defect of Parties.*—A demurrer for want of facts, and for want of the plaintiff's capacity to sue, presents no question as to a defect of parties.

From the Clinton Circuit Court.

Johnson School Township *v.* Citizens Bank of Greenfield.

*J. N. Sims,* for appellant.

*S. H. Doyal* and *P. M. Gard,* for appellee.

WOODS, J.—Complaint in three paragraphs by the appellee against the appellant, each paragraph purporting to be founded on a writing executed by the appellant to the assignors of the appellee, described respectively as exhibits A, B and C. Exhibit A, referred to in the first paragraph, is of the tenor following, to wit:

"A"

"$514.50.

"State of Indiana, County of Clinton,

"Treasurer's Office, Johnson Township, August 14th, 1876.

"This is to certify, that there is due from this township to Teal & Puterbaugh, or order, five hundred and fourteen dollars and fifty cents, for school furniture, and payable on or before the 1st day of January, 1878, with interest at the rate of ten per cent. per annum from Sept. 20th, 1876, and if not paid at maturity, both principal and interest shall bear ten per cent. until paid. For value received, waiving valuation and appraisement laws. Payable at the First National Bank of Frankfort, Ind. (Signed)    W. H. FRIER,
. "Trustee Johnson Township."

. Instead of giving a copy of the instrument referred to in the second paragraph, the pleader inserted after exhibit "A" the following statement, to wit:

"B"

"This second note is an exact copy of exhibit 'A,' as set out above, except the endorsements, which are as follows: 'Teal & Puterbaugh; Boyd & Hinchman.'"

Exhibit "C," referred to in the third paragraph, is given in full, and does not differ essentially from exhibit "A."

The appellant demurred to each paragraph, for want of capacity in the plaintiff to sue, and for want of facts sufficient to constitute a cause of action, and has assigned error upon the overruling of the demurrer.

Counsel for the appellant insists that the writings sued on

are not promissory notes, and not transferrible, so as to vest the cause of action in the assignee. While there is no direct or explicit *promise* to pay in the instruments sued on, they nevertheless contain equivalent words, and it being expressly shown on their face that the consideration was school furniture, we are of opinion that they should be regarded as the promissory notes of the school township. If not strictly within the definition of a promissory note, they nevertheless evidence the contract and obligation of the school township, which "acknowledges money to be due," and are, by statute, "negotiable by endorsement thereon, so as to vest the property thereof in each endorsee successively." 1 R. S. 1876, p. 635, sec. 1.

There can, therefore, be no question of the plaintiff's capacity to sue, and the demurrer, for want of such capacity, does not present the question whether the endorsers should have been made defendants to answer to their interests. *Cox* v. *Bird*, 65 Ind. 277; *Dale* v. *Thomas*, 67 Ind. 570.

The objection made to the second paragraph, that a copy of the instrument sued on is not filed with the pleading, must be sustained.

Two paragraphs or more of a complaint may be based on the same writing, and, in such instance, a single copy referred to in each paragraph, will be sufficient. *Peck* v. *Hensley*, 21 Ind. 344; *Maxwell* v. *Brooks*, 54 Ind. 98. But such is not the case here. The reference is to another writing, and, because identical in terms with that already set out in connection with the first paragraph of the complaint, the pleader, in order to avoid the labor of copying, saw fit to disregard the express command of the code, sec. 78, which says that "When any pleading is founded on a written instrument, * * the original, or a copy thereof, must be filed with the pleading." It has been repeatedly held that a pleading is demurrable, if this rule is not complied with, and that, on failure to demur, the defect is not cured by the verdict, but may be reached by motion in arrest of judgment.

No precedent is cited for the departure which we are now asked to justify, and we are not disposed to make the precedent now. If such an excuse for giving a copy of an entire instrument be permitted, it may as well prevail for partial omissions, where it may be alleged that the omitted parts are identical with corresponding parts of an exhibit already given; and once it is begun to enquire what are material and what immaterial departures from the rule, a confused and doubtful practice will be the inevitable result.

It may be remarked that the statement, " This second note is an exact copy," etc., made, as it is, outside of the complaint, and not over the name of the party or his attorney, is ineffectual and meaningless. An averment, to be of significance, must be found in the pleading, and not in the place where only an exhibit can have force, and that simply because the code authorizes and requires it.

If the position be taken that exhibits A and B are one and the same instrument, and the reference thereto sufficient on demurrer, then a new trial must be granted on the ground of excessive damages. If one instrument only was referred to in the two paragraphs, the proof of that one only was relevant, and the damages should have been assessed accordingly; whereas three certificates were put in evidence and judgment given for the amount found due upon them all.

The appellant filed, besides the general denial, twelve special paragraphs of answer, addressed separately some to one and some to another of the respective paragraphs of the complaint. The court sustained a demurrer to each of these answers and the rulings are assigned as error.

The second, fifth, ninth, eleventh, twelfth and thirteenth paragraphs are to the effect that the defendant had no need for the furniture for which the contracts sued on were made, and, as is averred in some of the paragraphs, the contracts were made with the fraudulent purpose, on the part of the trustee and the payees, to cheat and defraud the township. The facts stated are clearly insufficient. The township trus-

tee was, under the law, the judge whether the furniture was needed, and was authorized to bind the township by such contracts. *Sheffield School Township* v. *Andress,* 56 Ind. 157. If the purchases were unnecessary and the contracts fraudulent, yet the township could not escape liability without showing a rescission of the contracts by a return or offer to return the goods.

The third, sixth and tenth answers are to the effect that the price agreed to be paid for the furniture was as much as three hundred dollars in excess of the market value, and that the contracts were made for the purpose of defrauding the defendant. These pleas are clearly bad, if for no other reason, because they profess to answer the entire paragraph of complaint to which they are respectively addressed, while in fact they respond to only a part of the amount claimed.

It is not quite true, as counsel claims, that fraud vitiates entirely whatever it taints. It entitles the defrauded party to annul or rescind the tainted contract, but he can not do this, and at the same time retain benefits received under it. These paragraphs, like the first named, fail to aver any return or offer to return the goods received by the defendant under the alleged fraudulent contracts.

The fourth, seventh and eighth paragraphs purport to be partial answers only, but, without charging bad faith or fraudulent intent, aver only that the price agreed to be paid for the goods was in excess of the value thereof, by the sum of three hundred dollars; wherefore it is claimed that the notes sued on were to that extent without consideration. It is a manifest misnomer to set up an inadequacy of consideration as a partial want of consideration. It was within the power of the trustee to make the contract, including the adjustment of the price, and in the absence of fraud the corporation is bound by his contract in that as well as in other respects.

The judgment is reversed with costs, and with instructions to sustain the demurrer to the second paragraph of the complaint.