The State, *ex rel.* Brookshire, *v.* Snodgrass, Trustee.

No. 11,398.

THE STATE, EX REL. BROOKSHIRE, *v.* SNODGRASS, TRUSTEE.

TOWNSHIP TRUSTEE.—*Mandate.*—*Affidavit.*—*Exhibits.*—Where an affidavit for mandate to compel a township trustee to pay an indebtedness stated to be shown in detail by certain orders and vouchers filed with the affidavit, and no orders or vouchers are filed as stated, a demurrer to the alternative writ should be sustained.

SAME.—A township trustee can not be compelled by mandate to pay a debt of the township not ascertained by judgment, or where the amount has not been ascertained by some officer authorized by law to do so.

SAME.—*Road Superintendent.*—*Expense of Highway.*—*County Commissioners.*—*Township.*—A superintendent of roads was not by statute authorized to contract for " extraordinary " work on the highways, unless he had the money in his hands to pay for it; nor had the county board authority, after the office was abolished, to make an allowance for his services, binding upon the township.

From the Montgomery Circuit Court.

*J. F. Harney, G. W. Paul, J. E. Humphries, W. W. Thornton* and *E. V. Brookshire,* for appellant.

*L. J. Coppage,* for appellee.

HAMMOND, J.—This was a motion for a writ of mandate. An alternate writ issued as asked. The appellee demurred to the affidavit and the writ for want of facts, which was sustained. To this ruling the appellant excepted, and, after judgment in favor of the appellee upon the demurrer, appealed to this court, assigning for error the ruling excepted to.

The affidavit upon which the relator's motion was based stated substantially that he was superintendent of roads in Clark township, in Montgomery county, by virtue of his election to said office in April, 1882, and held the same until March 2d, 1883, when said office was abolished by an act of the Legislature; that during the time he held said office there came into his hands, by virtue thereof, $219.70, and no more, which he duly accounted for by settlement with the county board, and was allowed for his services, as such superintendent, $134, and that there was no money in his hands for its

payment; that in June, 1882, the trustee of the township, with the concurrence of the county board, assessed a commutation road tax of $2 upon each person liable to work upon the roads in said township, and also levied a road tax of twenty-five cents on each $100 of the taxable property of the township, which levy would reasonably yield the sum of $2,400. The affidavit then alleged: "And the relator, in executing the duties of his said office, afterwards caused other needed and valuable work to be done on the highways of said township, for which proper vouchers were made as the law requires, and were indorsed by the persons to whom payable. And the relator herein, relying upon the tax levied as aforesaid to indemnify him, advanced the money of his own private means, and took up and paid to the holders thereof the full face value of each of said vouchers or orders from the road-master, amounting in all to $1,675.17, which, together with $134 allowed him for services, makes total amount due and unpaid $1,809.17, all of which is shown by schedule and bill of particulars, with said original vouchers, which are submitted, and to which reference is had."

It is averred that the relator's term of office as such superintendent was shortened in March, 1883, by an act of the Legislature abolishing said office, leaving the township indebted to him in the sum of $1,809.12; that Silas T. Ashley, trustee of said township, drew from the treasurer of said county, in June, 1883, the sum of $2,200.08, as road funds, being the proceeds of said levy in June, 1882; that Ashley resigned said office of trustee in September, 1883, and turned over said road funds to the appellee, who succeeded him in said office; that the relator, while Ashley was the incumbent of said office, made proper demand upon him for the payment of his claim against the township, and also made proper demand for such payment of the appellee as such trustee, both of which demands were refused.

The schedule of orders of the road-master, alleged to have been paid by the relator, was not filed with the complaint as

The State, *ex rel.* Brookshire, *v.* Snodgrass, Trustee.

stated, nor did the complaint contain any description of such orders, nor were the originals or copies thereof filed with the complaint. For these reasons, if for no other, the complaint was clearly insufficient as to such orders. But for the purpose of indicating the legal rights of the parties, for their benefit in future litigation, we will, as near as we may be able, consider the questions which properly lie at the foundation of their controversy.

The relator held the office of superintendent of roads under the first and only election held under "An act concerning roads and highways," approved April 15th, 1881. Acts 1881, p. 535; sections 5064–5090, R. S. 1881. Under the third section of this act (section 5066, R. S. 1881), the township trustee, with the concurrence of the board of county commissioners, was required, in the month of June of each year, to assess a poll tax for highway purposes, to be known as commutation road tax, of two dollars upon each able-bodied man residing in the township, over the age of twenty-one years and under the age of fifty years, with certain exceptions, and also to levy a road tax not exceeding twenty-five cents upon each $100 of the taxable property of the township, which were to be collected by the county treasurer and paid upon the warrants of the county auditor to the superintendent of roads of the township to which such funds belonged.

The plaintiff's complaint alleges that such assessment and levy were made in June, 1882, in the township in which the relator was superintendent of roads; that in anticipation of the collection of such assessment and levy, and without any public funds in his hands for that purpose, the relator expended of his own money for needed and valuable work upon the highways in his township, the sum of $1,675.17; and that before the collection of such commutation and road tax, the relator's office was abolished, leaving the township indebted to him for the amount so expended.

By reference to sections 6, 7 and 8 of the act referred to (sections 5069, 5070 and 5071, R. S. 1881), it will be seen that

the work on highways was classified as " ordinary " and " extraordinary ; " that the " ordinary " work was to be done first, and then with such means as might be in his hands, the superintendent was authorized to proceed to do work denominated " extraordinary." It is clear, we think, from the language of the statute, that the superintendent was not authorized to do " extraordinary " work on the highways, unless he had funds in his hands for that purpose. But as to " ordinary " work, being such as was necessary to put the highways of the township in ordinary repairs, there being no express or implied inhibition in the statute limiting such work to the amount of road funds actually in the hands of the superintendent, we are of the opinion that such funds might, after the levy, be expended in advance of their collection. *Harney* v. *Wooden*, 30 Ind. 178; *Bicknell* v *Widner School Tp.*, 73 Ind. 501; *Wallis* v. *Johnson School Tp.*, 75 Ind. 368.

The facts stated in the appellant's complaint do not show whether the work done by the relator in anticipation of uncollected road-tax was work known as " ordinary " or " extraordinary," and we are, therefore, unable to say whether the expenditure of such funds was or was not authorized.

The act under which the relator held the office of superintendent of roads was repealed by "An act concerning highways and supervisors thereof," approved March 2d, 1883, which took effect from and after its passage. Acts 1883, p. 62. Section 35 of this act provides that " The offices of township road superintendent and road-master are hereby abolished, and upon the taking effect of this act, such officers shall turn over to the township trustees of their respective townships, all money, property, books and papers in their hands, as such officers; and all legal claims and demands created by such township road superintendent, or former trustee, shall be paid by the respective township trustees out of the first moneys received by them for road purposes."

Supposing that the relator has a legal demand against the township for services and for money expended for work on

The State, *ex rel.* Brookshire, *v.* Snodgrass, Trustee.

the highways, as superintendent of roads, do the facts stated in the appellant's complaint show that he is entitled to a writ of mandate against the appellee as township trustee to enforce its payment?

The writ of mandate will issue only where there is a clear legal right to the relief demanded. If the right is doubtful, it must first be established by an ordinary action at law, where the right is such as admits of its establishment in this way. A fiscal officer can not, by mandate, be required to pay a claim where any duty is devolved upon him except the mere ministerial act of making payment. The validity of the claim and the amount due must have been definitely ascertained by some competent officer or tribunal, whose decision, while unappealed from or unreversed, is final and conclusive, before its payment can be enforced by mandate. If the officer, whose duty it is to make the payment, must himself, at his own risk, inquire into the validity and the amount of the claim, he may not be compelled by mandate to make payment. He may, for his own protection in such case, require an adjudication of the claim before paying it. High Ex. Legal Rem., sections 100–117.

Applying the principles above stated to the present case, we think that the relator must establish his claim by proper action against the township before proceeding to coerce its payment by mandate. It is true, that the complaint alleges that the relator's claim for services as superintendent of roads was allowed by the board of county commissioners. But the act under which such services were performed did not authorize their allowance by the county board until after the expiration of the term of office of the superintendent. R. S. 1881, section 5078. The repeal of that act was simultaneous with the expiration of the relator's office, leaving no authority for the county board thereafter to make the allowance for the relator's services. Such allowance by the county board was, therefore, unauthorized, and not binding upon the appellee nor the township. While the township may be liable for the

relator's services as superintendent of roads, their payment can not be enforced until judgment is obtained thereon against the township.

Road-masters were appointed by the superintendent of roads, and were his agents. R. S. 1881, sections 5072 and 5075. It was their duty, under the direction of the superintendent, to employ laborers, etc., at specified wages. R. S. 1881, section 5073. Section 5074 provided that "Such road-master shall keep the time of the hands employed by him. * * * For payment of his hands, he shall give an order on the township superintendent; which order, with the indorsement of the payee thereon, shall be a sufficient voucher for said superintentent in his annual settlement with the board of county commissioners."

The averments of the appellant's complaint are somewhat obscure, but if it may be inferred that the orders paid by the relator for work on the highways were issued by the road-master under the above section, does it follow that such orders evidenced debts against the township, which the appellee, as trustee, was not at liberty to question? We are not inclined to so construe the statute, for such construction might lead to abuses which ought to be avoided.

We think it was in the discretion of the appellee, as trustee, to decline payment of the relator's claim until its validity and amount were established by the judgment of a court of competent jurisdiction against the township; and, this being the case, we also think that he could not, by *manda-mus*, be compelled to pay such claim. It may be observed that if the relator obtain judgment on his claim against the township, its payment will not necessarily be limited to the road funds derived from the levy of June, 1882, but may be paid out of such funds subsequently levied. The court below did not err in sustaining the demurrer to the complaint.

Affirmed, at the relator's costs.

Filed June 24, 1884. Petition for a rehearing overruled Dec. 11, 1884.