Reeve School Township *v.* Dodson.

No. 11,837.

## REEVE SCHOOL TOWNSHIP *v.* DODSON.

TOWNSHIP TRUSTEE.—*Authority to Bind School Township.*—*Promissory Note.* —*Complaint.*—A complaint against a school township on a promissory note given by the trustee, reciting that it was given for certain articles named, "purchased for the benefit of the schools of said township," which does not aver that the articles were suitable or necessary, nor that they had been received or used by the defendant, is bad on demurrer.

From the Daviess Circuit Court.

*W. R. Gardiner, S. H. Taylor, J. C. Billheimer* and *J. M. Barr,* for appellant.

*J. H. O'Neall* and *D. J. Hefron,* for appellee.

ELLIOTT, J.—The appellee's complaint counts on two promissory notes executed by the trustee of the school township. The notes recite that they were given for eleven of the G. McBride Tellurians, purchased for the benefit of the schools of said township. There is no averment in the body of the complaint that the articles furnished were necessary for the schools nor suitable for use therein, nor is there any averment that they were delivered to or accepted by the school corporation.

The trustee of a school township is a special agent, with very limited authority. His authority is purely statutory in so far as concerns the financial affairs of the school corporation, and, as his authority is prescribed by a public statute, all who deal with him are charged with notice of the scope of his authority.

A trustee of a school corporation has no authority to borrow money, nor to incur any indebtedness, except for school purposes, and then only in the cases contemplated by statute.

A trustee of a school corporation has no general authority to execute promissory notes; his authority in this respect is a special one, and can only be exercised in conformity to the

statute creating the corporation. The authority to execute promissory notes is confined to cases where the debt which the note evidences is for legitimate school purposes. In the case of *Sheffield School Tp.* v. *Andress,* 56 Ind. 157, the complaint set forth the note, which showed upon its face that it was executed for work done in erecting a school-house, and it therefore appeared that the township had received the consideration of the note for a legitimate corporate purpose. In the case of *Bicknell* v. *Widner School Tp.,* 73 Ind. 501, it was held that no recovery could be had upon a note executed for borrowed money, but that where the money was rightfully and actually used in constructing a school-house, and the trustee had no corporate funds that could be devoted to that purpose, a recovery might be had as upon an implied promise. In *Wallis* v. *Johnson School Tp.,* 75 Ind. 368, the question was fully discussed, and it was held that no action could be maintained upon a promissory note executed by a school trustee, and that a complaint counting on the note was insufficient, but that if it had been shown by the complaint that the money obtained on the note was actually expended for the benefit of the school township, the complaint would have been good. This case was approved in *First Nat'l Bank* v. *Union School Tp.,* 75 Ind. 361, and *Pine Civil Tp.* v. *Huber,* etc., *Co.,* 83 Ind. 121. In the last of these cases the complaint averred that the note was given for property purchased and used by the township.

The complaint in the case before us is bad, for the reason that it does not show that the articles for which the obligations sued on were executed were received by the school corporation. The cases to which we have referred very clearly establish the principle that the corporation is only liable on an implied contract, and not on the notes, and such a contract can not exist unless it is shown that the school township received the consideration of the notes. The recital in the note that the articles were purchased for the benefit of the school corporation does not raise an implied promise; in order to do

this it is necessary to allege that the articles were received and accepted by the corporation. The authorities all agree that an implied contract only exists in cases where the defendant received the consideration of the contract, and where this appears, and only where it appears, he is liable for the reasonable value of the property received.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed Nov. 24, 1884.