Zartman, Trustee, *v.* The State, *ex rel.* Champ *et al.*

Filed Feb. 2, 1887.

———————————

No. 12,993.

ZARTMAN, TRUSTEE, *v.* THE STATE, EX REL. CHAMP ET AL.

SCHOOL FUNDS.—*Expenditure in Anticipation.*—*Implied Pledge.*—Where the expenditure of any school fund has been lawfully anticipated, as by contracting debts or borrowing money on the faith of such fund when it becomes available, it is thereby impliedly pledged to the use to which it has been so applied in advance.

SAME.—*Mandamus.*—*Township Trustee.*—*Town.*—*School Buildings.*—Mandamus will not lie to compel a township trustee to pay to the school trustees of an incorporated town school funds which had been impliedly pledged by his predecessor, prior to the incorporation of the town, for the payment of a debt contracted by the township in the erection of a school building within the town limits, and which funds, otherwise, the school authorities of the town would be entitled to receive.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell, R. P. Effinger* and *R. J. Loveland*, for appellant.

*J. M. Brown, N. N. Antrim* and *D. P. Baldwin*, for appellees.

NIBLACK, J.—This was a proceeding in the name of the State, on the relation of John Champ, Ephraim Clendenning and John S. Wilson, as trustees of the school town of Macy in Allen township, of Miami county, in this State, against John Zartman, trustee of said township of Allen, for a writ of mandate requiring the latter to pay over to the relators certain school funds alleged to be in his hands and to belong to said school town of Macy.

The affidavit alleged that the town of Macy was duly incorporated by the board of commissioners of said county of Miami at their March term, 1884, and has ever since continued to be an incorporated town; that the relators were, as the school trustees thereof, entitled to receive and to control all the school funds which belonged to said town of Macy, and to the persons attached thereto for educational purposes; that, at his settlement with the auditor of said county of Miami, in June, 1884, the defendant, Zartman, as trustee of the school township of Allen aforesaid, received of school funds, belonging alike and *pro rata* to said township of Allen and to said town of Macy, including the persons and territory attached thereto for educational purposes, the sum of $157.72, of which $21.36 belonged to the relators in their capacity as school trustees, as herein above stated; that at said June settlement, in the year 1884, the said Zartman received the further sum of $951.87, consisting of special and common school revenue belonging, in like manner, to the said school township of Allen and to the said town of Macy, and those attached thereto, of which the relators, in their said capacity as trustees, were entitled to receive $182; that at his January settlement with said county auditor in the year 1885, the said Zartman received the still further sum of $874.25, consisting also of special and common school revenue, of which the relators, in their said trust capacity, were entitled to receive and control $167.16, making the total sum of $370.52, which the relators claimed they were so entitled to receive and control; that the said Zartman, upon demand,

had failed and refused to pay over said last named sum, or any part thereof, to the relators. Wherefore an alternative writ of mandate was demanded.

An alternative writ of mandate was accordingly issued, and Zartman, appearing, demurred upon the ground that the facts alleged were not sufficient to entitle the relators to the relief demanded, but his demurrer being overruled, Zartman made return to the writ, admitting that the town of Macy had been incorporated as alleged; that the relators were the school trustees of said town; that he, Zartman, had, on the 17th day of April, 1884, become, and still was, the trustee of the school township of Allen, as charged, and that he had school funds in his possession as stated, and averring:

*First.* That $41.28 of the money demanded by the relators was raised by taxes levied prior to the 1st day of April, 1883, and was in the hands of his predecessor before the town of Macy was incorporated.

*Secondly.* That he, the said Zartman, became the trustee of the school township of Allen on the 17th day of April, 1884, and at that time received from his predecessor in office the sum of $288.96; that at the distribution of school funds in May, 1884, he received the further sum of $951.87, and that at the December distribution in 1884, he received the additional sum of $874.75, making in all the sum of $2,-115.58, and comprising the only moneys which had come into his hands as such trustee, prior to the commencement of this proceeding; that all of said money was raised from taxes assessed as of the 1st day of April, 1883, and of dates prior thereto; that, by reason of the premises, the relators were not entitled either to demand or receive any of the moneys so in his, the said Zartman's, possession.

*Thirdly.* That since his election as trustee of said school township of Allen, there had come into his, the said Zartman's, hands money raised by special tax for school purposes, and belonging to the special school revenue the several sums mentioned in the second paragraph hereof, which was all the

money belonging to the common school fund which had come
into his hands before the commencement of this suit; that
said several sums of money were raised by taxes assessed long
before the incorporation of said town of Macy; that the
above named sum of $288.96 came into the hands of his
predecessor in office before said town of Macy was incorpo-
rated; that in the year 1882 the school township of Allen
purchased land within the present limits of said town of
Macy, paying therefor the sum of $250 out of the special
school revenue of such school township, and in the year 1883
erected on the land so purchased a large brick building for
the school purposes of the township at a cost of about $5,-
000; that at the time he, the said Zartman, became the trus-
tee of said township, as herein above stated, said township,
as a school corporation, was indebted to one Charles H.
Brownell for money borrowed for, and used in, the construc-
tion of said school building, in a sum exceeding $3,000; that
out of the special school revenue which had so come into his
hands, he, said Zartman, had paid to the said Brownell upon
such indebtedness amounts as follows: On the 27th day of
June, 1884, $1,061.11; on the 9th day of January, 1885,
$143.36; that a sum exceeding $2,000 was still due upon
said indebtedness; that at the time of the incorporation of
said town of Macy, and for some time prior thereto, said
school building had been entirely completed, and was under
the exclusive control of said school township, and had been,
and still was, used by such township for school purposes;
that said building was at the time of its incorporation, and
still continued to be, within the corporate limits of said town
of Macy; that at the time of its incorporation, said town took
possession and exclusive control of said building, and still
continued in such possession and exclusive control; that said
town had failed and refused to contribute anything to dis-
charge the indebtedness incurred in the construction of said
building, and that the application of the money in his hands
to the payment of such indebtedness was the only way known

to him, said Zartman, by which said town could be compelled to contribute its just proportion to the discharge of said indebtedness ; that he was awaiting the determination of this suit before he would apply the remaining money in his hands to the further extinguishment of such indebtedness. Wherefore he claimed that he ought not to be required to pay over any of the school moneys then in his hands to the relators.

*Fourthly.* That the said school town of Macy, upon facts alleged as above, was indebted to the school township of Allen in the sum of $350, for the use and occupancy of the school building constructed by said township as herein above set forth, which sum he, Zartman, asked to have set off against the amount demanded by the relators.

A demurrer was sustained to all the paragraphs of Zartman's return, and he declining to make further return, the alternative writ of mandate was made peremptory, and he was ordered to pay over to the relators, as trustees of the school town of Macy, the sum of $370.52 out of the special school revenue in his hands as trustee of the school township of Allen, and judgment was rendered against him for costs.

Error is assigned upon the overruling of the demurrer to the alternative writ of mandate, and the sustaining of demurrers to the several paragraphs of Zartman's return, but the argument submitted on Zartman's behalf is addressed only to the alleged sufficiency of the return to the alternative writ of mandate.

The alternative writ of mandate constituted a good *prima facie* case for the relief demanded, and was, hence, as a complaint, sufficient upon demurrer. *Johnson* v. *Smith,* 64 Ind. 275 ; *Hon* v. *State, ex rel.,* 89 Ind. 249.

It has been in effect held by this court in many instances, that any of the school funds, except the fund for tuition, may be expended in anticipation, that is to say, may be practically pledged in advance by entering into contracts, contracting debts or borrowing money on the faith of such funds when they shall become available. *Harney* v. *Wooden,* 30 Ind.

178; *Sheffield School Tp.* v. *Andress,* 56 Ind. 157; *Bicknell* v. *Widner School Tp.,* 73 Ind. 501; *Wallis* v. *Johnson School Tp.,* 75 Ind. 368; *Pine Civil Tp.* v. *Huber M'f'g Co.,* 83 Ind. 121; *State, ex rel.,* v. *Snodgrass,* 98 Ind. 546.

Accepting the averments of the third paragraph of the return to the alternative writ of mandate as true, as the demurrer to it did, the expenditure of all the school funds in Zartman's hands had been anticipated by the contraction of a debt, or rather by borrowing money, upon the faith of such funds, to erect a school-house within the territorial limits of the town of Macy.

A state of facts was, consequently, presented which would render it highly inequitable to require Zartman to pay over to the relators in this case a part of such funds in his hands to be applied to purposes other than the payment of the debt contracted for the erection of the school-house in question. The fair inference from all the decided cases, having any reference to the subject, is, that where the expenditure of any school fund has been lawfully anticipated, the fund becomes thereby impliedly pledged, or set apart, to the use to which it has been so applied in advance. This brings us to the conclusion that the court below erred in sustaining the demurrer to the third paragraph of Zartman's return to the alternative writ of mandate, and that for that reason the judgment ought to be reversed.

The judgment is reversed, at the costs of the relators, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed Feb. 2, 1887.