The Craig School Township *v.* Scott.

Filed May 27, 1890.

---

No. 14,217.

## THE CRAIG SCHOOL TOWNSHIP *v.* SCOTT.

TOWNSHIP.—*Purchase by Trustees of School Land for Joint Graded School.— Statute.*—The statute, section 4446, R. S. 1881, empowers the trustees of two or more school townships to organize a joint graded school, and to purchase suitable real estate to be used for that purpose. The trustees are the sole judges of the right to purchase property of this character, and in the absence of fraud between the trustees and the seller their decision is conclusive.

SAME.—*Propriety of Purchase.—Action upon Note for Purchase-Money.*—The advisability or necessity of the school, or the question as to whether the property purchased was suitable or proper, can not be inquired into in an action upon a note given for the purchase-money.

SAME.—*Parties.*—In an action upon the note for the purchase-money, which was made payable to the trustees of the Moorefield Lodge of Masons, the vendors of the real estate, and by them endorsed and assigned to the plaintiff, neither the trustees nor the grand lodge is a necessary party defendant.

SAME.—*Fraternal Order.—Knowledge of Members not Knowledge of Order.*— The knowledge of a member of a fraternal order of any fact is not the knowledge of the order; and the charge of fraudulent knowledge of the order is not established by the fraudulent knowledge or actions of a member of it.

SAME.—*Fraudulent Purpose of Trustee.—Sale by Vendor in Good Faith.—Recovery on Note for Purchase-Money.*—Although the trustee had a fraudulent purpose in purchasing the property, if the sale was made by the vendor in good faith, and taken possession of by the township and retained, a recovery on the note for the purchase-money can not be defeated.

From the Switzerland Circuit Court.

*F. M. Griffith* and *W. R. Johnston*, for appellant.

*W. D. Ward, J. A. Vanosdol* and *G. S. Pleasants*, for appellee.

OLDS, J.—This was an action brought by the appellee against the appellant on a note executed by the trustee of said Craig School Township, for and on behalf of said township, to the trustees of Moorefield Lodge, No. 213, F. and A. M., and by said trustees of said lodge assigned by indorsement in writing to the appellee, and alleged to have been given for the purchase-money of certain real estate and a building purchased by the trustee of said township from said lodge for the purpose of being used for a joint graded school for Craig and Pleasant townships of said county.

The complaint was in three paragraphs. A demurrer was filed to the first and third paragraphs, and sustained to the first and overruled as to the third, and exceptions reserved. An answer was filed by the appellant, consisting of several paragraphs, and a demurrer sustained as to the third and fourth paragraphs, and exceptions taken.

There was a trial had, resulting in a verdict and judgment for the appellee. Appellant filed a motion for a new trial, which was overruled, and exceptions taken. The errors assigned are:

1st. Overruling the demurrer to the third paragraph of complaint.

2d. Sustaining the demurrer to the third and fourth paragraphs of the appellant's answer.

3d. Overruling the appellant's motion for a new trial.

4th. That the second paragraph of complaint does not state facts sufficient to constitute a cause of action.

The causes of demurrer to the third paragraph of the complaint are want of sufficient facts to constitute a cause of action, and defect of parties defendant, in that the trustees to whom the note was made payable should have been made parties; also, for the same cause, for the reason that the

Grand Lodge of F. & A. M. of Indiana should have been made a party.

It is contended that the assignors of the note should have been made parties defendant.

The note was made payable to the trustees of the Moorefield Lodge, No. 213, F. & A. M., and it is alleged in the complaint that the note was, by the trustees of said lodge, transferred by endorsement in writing. It is further alleged that the said trustees, naming them, who made said assignment, were trustees at the time, but that since such assignment said lodge had been disbanded and its charter surrendered.

There was no necessity of making either the trustees of the Moorefield Lodge or the Grand Lodge parties defendants. The note was properly endorsed, and the title to it was transferred to and vested in the appellee.

It is further contended that the third paragraph of complaint is defective for the reason that it does not show any necessity for the purchase of the property, or allege facts creating a necessity for such purchase, or for a graded school.

Section 4446, R. S. 1881, authorizes the school trustees of two or more distinct municipal corporations for school purposes to establish joint graded schools, and further authorizes such trustees to purchase suitable grounds for such graded schools, and to erect suitable buildings thereon, and it provides that the title to such property shall vest jointly in the corporations establishing such graded schools. This section of the statute contemplates and authorizes the trustees of two or more school townships to join together and to purchase real estate suitable for graded school purposes, and to establish graded schools. It makes the trustees the judges of the propriety and advisability of establishing such graded schools and of purchasing real estate for that purpose, and this paragraph of the complaint alleges facts and shows that the real estate for which the note sued upon was given for part of the purchase-money was purchased by the

trustees of said Craig township and Pleasant township for use as a graded school building; that it was suitable and proper for such purpose, and that it was a necessity to purchase real estate for that purpose; that the trustees of said two townships joined in making such purchase, and that they took deeds from said masonic lodge to each of said townships for the undivided one-half of the same, and that both deeds were executed at the same time. The averments of facts in the complaint show a legitimate exercise of power by the trustees of said two townships in making such purchase. The demurrer was properly overruled to the third paragraph of the complaint. The second paragraph of the complaint is similar to the third and presents no different question, and the assignment of error as to it is not well taken.

The third paragraph of answer alleges that there was no occasion for the purchase of said property by said township; that there was no necessity for a joint graded school by said Craig and Pleasant townships; that there was never any graded school organized or conducted by said townships; that said lodge, at the same time of executing the deed to the appellee for the undivided one-half of the upper story of the building upon said real estate, also executed a deed to Pleasant township for all of said property, describing the lot upon which the same was situated; that the title to the property so conveyed to the appellee is defective, if not void, and that the township received no benefit from such conveyance.

It is not alleged that the lodge of which the appellant purchased had any knowledge that a graded school was not organized, or that such school would not be conducted in said building, and no facts are alleged tending to show but that the lodge sold and conveyed the property to the township in good faith, believing the same was being purchased to be used for graded school purposes. The complaint alleged the purchase of said premises for the purpose of establishing a graded school jointly with Pleasant township, and using said building for said purposes; and further alleges that the ap-

pellant accepted said deed for the same and entered into possession of the same. The fact that the appellant entered into possession of said property is not controverted in the answer, nor does it allege any offer or willingness to rescind the contract of purchase.

There was an answer in denial pleaded to the complaint.

The statute empowers the trustees of two or more school townships to organize a joint graded school, and to purchase suitable real estate to be used for the purpose of such school, and having such power they determine the advisability and necessity for such school, and by making a purchase for that purpose, the contract becomes valid and binding. The advisability or necessity of the school at the time of the purchase can not be inquired into in an action brought upon a note given for the purchase-money.

The trustees having determined to establish a joint graded school, they had the power to purchase real estate to be used for that purpose, and such purchase would be valid and binding although the purpose of establishing and conducting a school of that character might afterwards be abandoned.

When the trustees joined together and purchased real estate of one who owned the same for that purpose, and the owner in good faith conveyed the same to the townships, and the townships took possession of the same, the owner of the land conveying the same had the right to enforce the contract and collect his purchase-money, and especially is this true while the township still holds possession of the land and the benefit of the contract.

The fourth paragraph alleges collusion between the one trustee, the trustee of appellant, and some members of the lodge to procure a sale of the real estate to enable the lodge to realize money from the property and pay a debt of the lodge for which they were individually liable, and that they caused a petition to be circulated and signed by a large number of the citizens, requesting the then trustee to purchase said building for joint graded school purposes. And it avers

that the township was not in need of a graded school, and if they did the property purchased was not suitable.

This paragraph shows that a petition was circulated and largely signed by the citizens of said appellant township, requesting the then trustee to join with the trustee of said Pleasant township and purchase said property. It in no way controverts the fact that the trustee of Pleasant township acted in good faith, or that the property was conveyed as alleged in the complaint to the two townships, and that the same was taken possession of by the appellant, nor does it appear but that a joint graded school was organized, and the same is being conducted in said building. The townships still retain the title and possession of the property, and have never offered to reconvey or rescind the contract.

The demurrer was properly sustained to both the third and fourth paragraphs.

Nothing appears in the record in this case to show that the purchase was made in violation of sections 6006 and 6007, R. S. 1881, and we can not therefore presume that such debt was contracted in violation of such sections. The question presented involves the right of township trustees to join and purchase property to be used for joint graded school purposes under section 4446, and what we have said proceeds upon the assumption that sections 6006 and 6007 were not violated.

By the overruling of the appellant's motion for a new trial, some questions are presented as to the correctness of the instructions given and refused by the court. We do not deem it necessary to set out the instructions. Objection is made to the second instruction given, which gives a synopsis of the defence set up in the sixth paragraph of answer. This paragraph is pleaded upon the theory that the sale of the property was made, and the note sued on executed, through a fraudulent conspiracy entered into between Jester, the then trustee of the township, and the lodge of which the property was purchased, which had not been ratified by

the townships, and that the townships had in no way re-ceived or accepted the benefits of the purchase. The instruction is not objectionable. It properly stated the theory of the paragraph of answer.

Objection is made to the eighth instruction by which the court told the jury that "Knowledge of a member of a fraternal order of any fact is not the knowledge of the order, and the charge of fraudulent knowledge of the order is not established by the fraudulent knowledge or actions of a member of it." This instruction is correct.

By the thirteenth instruction the jury are told that if the trustee was intending to perpetrate a fraud in the purchase of the property, and the lodge was cognizant of it and participated in the fraud, and the appellant never received title to or came into possession of the property, the plaintiff could not recover.

Although the trustee had a fraudulent purpose in purchasing the property, if the seller had no knowledge of such fraudulent purpose, and in good faith sold and conveyed the property to the townships Craig and Pleasant for the purpose of being used and occupied in conducting a joint graded school, and the townships took possession of the same, and the appellant kept the possession and retained the title and benefit of the purchase, they can not defeat a recovery on the note for the purchase-money.

The other questions presented by the giving and refusal of instructions do not involve different questions from those already discussed.

It is contended that the trustees are not the sole judges of the right to purchase property of this character, and that the necessity and advisability of organizing and establishing such a school may be raised in an action for the purchase-money, also, the question as to whether the property purchased is suitable and proper, but we can not agree with this theory. We think the trustees are empowered to purchase property of this character, and in the absence of fraud

between the trustees and seller their decision is conclusive, and especially the township can not retain title to the property and the benefit of the purchase and defeat a recovery, as , contended for in this case. *Johnson School Tp.* v. *Citizens Bank,* 81 Ind. 515 ; *Boyd* v. *Mill Creek School Tp.,* 114 Ind. 210 ; *Honey Creek School Tp.* v. *Barnes,* 119 Ind. 213 ; *Sheffield School Tp.* v. *Andress,* 56 Ind. 157.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 27, 1890.