Filed Nov. 11, 1884.

---

No. 11,576.

## GOSSARD v. WOODS ET AL.

PLEADING.—*Cross Complaint.—Failure to Demur.—Assignment of Error.— Supreme Court.*—The question of the sufficiency of the facts stated in a counter-claim or cross complaint, to constitute a cause of action, is not waived by the failure to demur, but may be presented for decision for the first time by an assignment of error in the Supreme Court.

CONTRACT.—*Damages.—Earnest-Money.*—Where earnest-money is paid on a contract to one who fails to comply with his part of the contract, without the fault of the other party, it may be recovered back as damages.

PRACTICE.—*Evidence.—Harmless Error.*—Where complaint is made of the

admission of incompetent evidence, if the record affirmatively shows that the evidence did no harm to the complaining party, the error in its admission is harmless, and is not available for the reversal of the judgment.

From the Clinton Circuit Court.

J. V. Kent and O. E. Brumbaugh, for appellant.

T. H. Palmer, for appellees.

HOWK, J.—In this case the appellant, Gossard, the plaintiff below, sued the appellees, Woods and Grove, in a complaint of two paragraphs. In the first paragraph appellant alleged that, on October 15th, 1882, he sold and delivered to the appellees thirty-six head of beef cattle, of the value of $2,268.50; and that such sum was then due and wholly unpaid. Wherefore, etc.

In the second paragraph of his complaint appellant alleged that, on the — day of ———, 1882, he entered into a contract with the appellees, whereby he sold and agreed to deliver to them on December 15th, 1882, thirty-six head of cattle, for which they agreed to pay appellant, on the day last named, five cents per pound gross weight; that, at the date of such contract and sale, the appellees paid the appellant thereon, as earnest-money, the sum of $150; that, on the date aforesaid, appellant delivered said cattle to the appellees pursuant to his said contract, and fully complied with such contract on his part; that, when such cattle were so delivered, they weighed 45,370 pounds; that notwithstanding the fact that appellant so delivered such cattle, and in all things complied with such contract on his part, yet the appellees refused to accept such cattle and to pay appellant therefor; that the appellant was thereby compelled to take such cattle away, at an expense of, to wit, $75, and to feed and care for them for the space of ten days, at an expense to him of $100, and to use great exertion, time and expense in endeavoring to sell the same, which he did on the — day of December, 1882, at 4¼ cents per pound, losing thereby the sum of $350; and that, by means of the premises, appellant had sustained dam-

ages in the sum of $500, for which and for other proper relief he demanded judgment.

Appellees answered by a general denial of the complaint, and, also, filed their counter-claim or cross complaint, which appellant answered by a general denial. The issues joined were tried by the court, and a finding was made for the appellees upon their cross complaint, in the sum of $150. Over the appellant's motion for a new trial, the court rendered judgment against him, in appellees' favor, upon and in accordance with its finding.

The appellant has here assigned the following errors:

1. Error of the court below in overruling his motion for a new trial; and,

2. The appellees' cross complaint does not state facts sufficient to constitute a cause of action.

In the natural order of things the second alleged error is first entitled to our consideration. In their cross complaint or counter-claim the appellees alleged that, on the 16th day of October, 1882, they entered into an oral contract with the appellant for the purchase of thirty-five head of cattle; that, by the terms of such contract, appellant was to begin feeding such cattle immediately, and to put them on full feed as early as possible, and not later than November 1st, 1882, and to keep them on full feed continuously until the 15th day of December, 1882, at which time the cattle were to be delivered to appellees in good marketable condition, and they were to pay appellant five cents per pound, gross weight, for such cattle, $150 cash as earnest-money and as part of the purchase-price of the cattle, and the remainder on the delivery of the cattle fatted as per contract; that appellees paid appellant such sum of $150 as earnest-money and as part of the purchase-price of the cattle at the time of making such contract, and were at all times ready and willing to carry out and fulfil their part of such contract; but the appellees averred that appellant did not comply with his part of the contract, in that he failed to put the cattle upon full feed by the 1st day of No-

vember, 1882, or any other day; that he did not feed the cattle fully or fairly between the date of the contract and the time for their delivery; that, at the date for the delivery of the cattle, they were not in good marketable condition, nor in marketable condition at all; that, had the cattle been fed and delivered according to the contract, the appellees could have made $500 profit on such contract; that, by reason of appellant's failure to comply with his contract to put such cattle in marketable condition by full feeding them, appellees were damaged in the sum of $500; that appellant sold the cattle to another party, to appellees unknown; and that, by reason of all the premises, the appellees were damaged $1,000. Wherefore, etc.

It will be observed that the appellant did not object below to the sufficiency of appellees' cross complaint or counter-claim, either by demurrer or by a motion in arrest of judgment. But after verdict and judgment thereon, and on appeal to this court, the objection is made for the first time, by an assignment of error here, that the cross complaint does not state facts sufficient to constitute a cause of action. The cross complaint or counter-claim is the complaint of the defendants in the original action; and it has been held, and correctly so we think, that the objection to a cross complaint or counter-claim, on the ground of its want of sufficient facts, is not waived by the failure to demur thereto, but may be made here for the first time by a proper assignment of error, as the appellant has done in this case. *Jones* v. *Hathaway,* 77 Ind. 14.

In discussing the alleged insufficiency of appellees' counter-claim or cross complaint, the appellant's counsel say: "It is true, a contract is alleged and a violation of the contract; but it is not alleged that appellees could have sold the cattle, had they been put in the condition contended for, nor is it alleged in what way or manner they were damaged. For aught that is alleged, the condition the cattle were alleged to have been in might have been highly beneficial to the appel-

lees. No basis of damages is alleged." These are the only objections urged, in argument, to the counter-claim or cross complaint; and it is certain, we think, that these objections could not have been reached by a demurrer, for the want of sufficient facts. Much less can they be reached and made available for the reversal of the judgment, upon an assignment here, as error, that appellees' cross complaint does not state facts sufficient to constitute a cause of action. When the appellees alleged their contract with the appellant and his failure to comply with such contract, they stated a cause of action against him, good even upon demurrer and good beyond all doubt, after verdict and judgment thereon, as the same is now called in question. *Donellan* v. *Hardy*, 57 Ind. 393.

Under the alleged error of the court in overruling the motion for a new trial, it was earnestly insisted by the appellant's counsel, that the finding of the court was not sustained by the evidence, because the appellees had admitted on the trial, as shown by the bill of exceptions, "that the contract for the sale of the cattle was as is alleged in the second paragraph of the complaint." Since the brief of appellant's counsel was filed, however, the bill of exceptions was corrected below, so as to show an admission on the trial by the parties to the suit, that the contract for the sale of the cattle was substantially as it is stated in appellees' cross complaint. This corrected admission tends to sustain the finding of the court, as, indeed, does other evidence appearing in the record. The evidence was conflicting, it is true; but it was for the trial court to reconcile the conflict, if it could, and, if it could not, to determine which of the witnesses were the more worthy of belief. In such a case, it is well settled that this court will not disturb the finding on the evidence. *Terre Haute, etc., R. R. Co.* v. *Flanigan*, 94 Ind. 336.

Appellant's counsel say: "It is evident that the damages allowed defendants was for the earnest-money paid," and then they contend that earnest-money can not be recovered back.

Counsel cite no authority in support of their contention ; but, if they were clearly right, the appellees claim that the money alleged to have been paid as earnest money was also a partial payment of the purchase-price of the cattle. There is not only evidence in the record tending to sustain the appellees' claim on this point, but the amount of the payment also shows, we think, that the money was paid, not only for the purpose of earnest-money, but also as a partial payment of the purchase-price of the cattle under the contract. Surely, money thus paid can be recovered back, when it is alleged and proved that the party, to whom the payment was made, had wholly failed to comply with his part of the contract, without the fault of the other party.

Appellant's counsel also insist that the court erred in permitting the appellees to prove as a basis of damages, on their cross complaint, the price of cattle at Buffalo, New York, and that they were then and there worth six cents per pound. As, however, in the language of counsel, " it is evident that the damages allowed the defendants was for the earnest-money paid," we are utterly unable see how the appellant was injured by the admission of the evidence complained of, if it be conceded that the evidence was improperly admitted. It is clear that the evidence did not harm the appellant, and therefore the error of the court, if it were such, in the admission of such evidence, was a harmless error. It is well settled that a judgment will not be reversed for a harmless error. *Brown* v. *Owen,* 94 Ind. 31.

Upon the evidence appearing in the record, we are of opinion that the court committed no error in overruling appellant's motion for a new trial.

We find no error in the record.

The judgment is affirmed, with costs.

Filed Oct. 29, 1884.