## STANTON v. SHIPLEY.

*(Circuit Court, D. Indiana. April 29, 1886.)*

1. CIRCUIT COURT — JURISDICTION — NON-NEGOTIABLE NOTES — ASSIGNEE AND PAYEE.

   In the United States circuit court an action on a non-negotiable note by an assignee, not averring the citizenship of the payee, must fail for want of jurisdiction.

2. SCHOOLS AND SCHOOL-DISTRICTS—SCHOOL TOWNSHIP NOTES—NEGOTIABILITY.

   Notes payable from a particular fund, issued by a school township, endowed only with restricted powers for special and purely local purposes of a non-commercial character, are not negotiable by the law-merchant.

3. SAME—LIABILITY OF SCHOOL TRUSTEES—INDIANA STATUTE.

   Paper in negotiable form, issued by a school trustee, if not void, has only the force of a single obligation.

4. SAME—LIABILITY, HOW MEASURED.

   The liability declared by the second section of "An act touching the duties of township trustees in certain particulars" (Acts Ind. 1883, p. 114) is measured, not by the sum named in the forbidden contract or writing, but by the amount of the indebtedness evidenced thereby; and the right of action is given, not upon the paper, but to the holder thereof.

5. SAME—LIABILITY OF BONDSMEN.

   Liability on "official bond" is not the same as personal liability, and does not necessarily include the bondsmen.

6. SAME—ACTION ON NOTES—PLEADING—CONSIDERATION.

   In an action on notes issued by a school trustee, in violation of the Indiana statute, (Acts 1883, p. 114,) a complaint which does not aver the real consideration or indebtedness for which the notes were made is substantially defective.

At Law.

*Claypool & Ketcham,* for plaintiff.

*James H. Jordan, Adams & Newby, Duncan, Smith & Wilson, Grubbs & Parks,* and *McDonald, Butler & Mason,* for defendants.

WOODS, J. Complaint upon the official bond of Jacob A. Shipley, as trustee of Gregg township, in Morgan county, Indiana; the defendants before the court being the sureties upon that bond. The plaintiff, who claims as assignee by delivery after indorsement in blank by the payee, seeks to charge the defendants with the amount of eight promissory notes alleged to have been made by said trustee in violation of the second section of "An act touching the duties of township trustees in certain particulars," approved March 5, 1883. Acts 1883, p. 114. That section provides "that any township trustee in any county of the state of Indiana, who shall contract any debt in the name or in behalf of any civil or school township of which he may be the trustee, contrary to the provisions of sections one and two of an act approved March 11, 1875, (the same being sections numbered six thousand and six and six thousand and seven of the Revised Statutes of the State of Indiana,) shall be personally liable, and liable on his official bond, to the holder of any contract, or other evidence of such indebtedness, for the amount thereof."

Section 6006, referred to, is to the effect that whenever it becomes

necessary for the trustee of any township to incur any debt or debts aggregating more than the fund on hand to which the debts are chargeable, and the like fund to be derived from taxes assessed for the year, the trustee shall procure from the board of county commissioners an order authorizing him to contract such indebtedness; and in the other section (6007) it is provided that such order shall be granted only upon a petition of the trustee showing the object and proximate amount of the debt or debts to be incurred, and upon proof that notice has been given in a prescribed manner of the pendency of the petition.

The notes in question, except the amounts for which they purport to be given, are all of the same tenor. The one set out in the complaint as Exhibit B reads as follows:

"$763.50. STATE OF INDIANA, COUNTY OF MORGAN.

"TRUSTEE'S OFFICE, GREGG SCHOOL TOWNSHIP, April 11, 1885.

"This is to certify that there is now due from this township to R. B. Pollard, or order, seven hundred and sixty-three 50-100 dollars for school supplies bought for and received by this township, and payable out of the special school funds for which taxes are now levied, at the First National Bank of Martinsville, Indiana, on the twentieth day of December, 1886, with interest at 8 per cent. per annum, on the amount from date till paid, and attorney's fees.  JACOB A. SHIPLEY, School Trustee of Gregg Township.
"P. O. Wilbur, Ind."

To this (and likewise to each of the notes) is appended the following (or similar) certificate:

"This is to certify that Gregg township school warrant of Morgan county, Indiana, dated April 11, 1885, for seven hundred and sixty-three 50-100 dollars, payable to R. B. Pollard, or order, due on or before December 20, 1886, at 1st National Bank, Martinsville, Ind., was given by myself as trustee of said school township for school supplies, which have been received and accepted, and that said warrant was issued according to law, and will be promptly paid when due. The entire indebtedness of said township is less than two per cent. of its assessed valuation.
"JACOB A. SHIPLEY, Trustee of Gregg School Township.
"P. O. Address, Wilbur, Ind.
"*Dated at Wilbur, Ind., April* 17, 1885."

It may be noted that each certificate bears a date subsequent to the date of the note to which it is attached.

The complaint shows that each of these obligations was issued in violation of the statutory provisions already referred to, but contains no averment in respect to the real consideration or indebtedness for which they were made.

The first question in order is one of jurisdiction. The plaintiff is shown to be a citizen of New York, and the defendants all to be citizens of Indiana; but the citizenship of Pollard, the payee of the paper, is not averred, and counsel for the defendants, asserting that the notes are not negotiable by the law-merchant, insist that the

plaintiff can come into this court only by showing that Pollard might also sue them here. By the act of congress no circuit or district court can "have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant, and bills of exchange."

If the plaintiff's suit be regarded as founded upon the notes set out in the complaint, and his counsel have insisted that the action is, in a sense, upon the notes, I think there is a want of jurisdiction. That the notes are not negotiable by the law-merchant I think clear, for two reasons: *First,* each purports to be payable out of a particular fund; *second,* they purport to be the notes of a school township, a municipal corporation existing under public laws, and endowed only with restricted powers, granted for special and purely local purposes of a non-commercial character. Such bodies, as every one must take notice, have no power, without express or clearly-implied grant, to make negotiable paper; and, if their officers or agents attempt to put out corporate paper in commercial form, it will be deemed void, or at most a simple obligation of which the true consideration may be shown against any holder or purchaser. *Police Jury* v. *Britton,* 15 Wall. 566; *Mayor, etc.,* v. *Ray,* 19 Wall. 468; *Reeve School Tp.* v. *Dodson,* 98 Ind. 499; *Union School Tp.* v. *First Nat. Bank,* 102 Ind. 464; S. C. 2 N. E. Rep. 194; *Middleton* v. *Greeson,* 5 N. E. Rep. 755, (Ind. Sup. Ct.)

There can be no doubt, I think, that a township trustee, in Indiana, within the scope of his powers in respect to township affairs, may excute notes which shall be binding upon his township. It was explicitly so held in *Johnson School Tp.* v. *Citizens' Bank,* 81 Ind. 515, following *Sheffield School Tp.* v. *Andress,* 56 Ind. 157, and is distinctly implied in earlier and later decisions; but that he cannot make obligations which in the hands of innocent purchasers will not be subject to just defenses seems to have been put beyond dispute; some of the later cases even containing *dicta* to the effect that a trustee cannot execute a writing which will be, in itself, *prima facie* evidence of township liability.

Counsel, however, have argued that this rule has been modified by the act of 1883, *supra,* which, they insist, was designed, upon considerations of public policy, to give greater commercial credit to township obligations; especially to obligations like these in suit, which are made (as is asserted) absolutely payable to their full amount, by the trustees who issue them in disregard of the law, and by their bondsmen, as if put forth by them as their individual obligations.

If this view be adopted, then the liability of the defendants must be strictly according to the terms of the notes sued on, disregarding only the clause in respect to payment out of public funds or taxes. But while this might make the paper commercially negotia-

ble, and eliminate the question of jurisdiction, it would be fatal to the action on the merits, because by their terms the notes in suit are not yet due.

This construction of the statute, however, does not meet my approval. It would lead to the conclusion—indeed, it means—that an original holder or payee of such paper, though made without consideration, or made for fraudulent purposes, to which he was a party, may recover the amount thereof, not only from the trustee, who may or may not have intended a wrong, but from his bondsmen, innocent of any wrongful act or purpose. So interpreted the statute would be highly penal, and, by the rule of strict construction, I should be inclined to hold that liability in such cases does not attach to the sureties on such bonds at all. The language of the act is "that any township trustee   *   *   *   shall be personally liable, and liable on his official bond." The bondsmen, if included, are included only by implication, and the implication by no means imperative or necessary. A personal liability and a liability on an official bond are different, and the remedies to be had in a suit upon one are different from those available in an action upon the other; and consequently the provision for liability on the bond is not meaningless or useless, though the sureties be not included. But, in my judgment, the liability declared by this statute is measured, not by the sum named in the forbidden contract or writing, but by the amount of the indebtedness evidenced thereby. By its terms the act applies to transactions in which a trustee "shall contract any debt;" and he is made liable, to the holder of the "evidence of such indebtedness, for the amount thereof." The indebtedness, therefore,—the value of the consideration received by the township, or, possibly, of that received by the trustee for the township,—is the measure of liability. The right of action is given, not upon the paper, but to the holder of it. It would seem to follow from this, and, as I understand, it has been conceded in argument, that the right of action is transferable with the paper to successive holders; but I think it clear that an assignee acquires no different or better right, as against the trustee or his bondsmen, than that of the first holder. And while, in this view, the suit is not, in a strict sense, founded on the contracts expressed in the notes, it is, perhaps, so far incident thereto as to bring the case within the rule that the assignee of a contract cannot sue in a federal court when his assignor could not.

It may be, however, that the plaintiff's right of action, if any he has, is purely statutory, and not to be regarded in any sense as "founded on contract;" and if this be so, there is apparently no valid objection to the court's jurisdiction in the case.

But, whatever be the right view of this subject, it is proper to decide the further question, fully argued by counsel, whether or not the complaint shows a cause of action upon the merits; because there are other cases pending, which were submitted and argued at the same

time with this, from which, by amendment of the complaints, the question of jurisdiction may be eliminated.

Little need be added on this point. The conclusion has already been declared that the recovery in such a case must be for the amount of indebtedness for which the notes were given. The complaint shows that the notes were issued in violation of law. The defendants are not party to them, nor bound—conclusively, at least—by them. They are not, in the sense of the Indiana Code, the foundation of the action, and need not have been made exhibits in the complaint. It may be that they constitute, even as against the defendants, *prima facie* evidence of the indebtedness—that is to say, of the amount or value of the consideration—for which the trustee issued them; but, in my judgment, the copies set out in the complaint do not supply the want of direct averment in respect to that indebtedness. Whether or not it is necessary to show an indebtedness for which the township became legally bound, or only the value of the consideration upon which the notes were executed, need not now be decided. One or the other must be shown.

Notwithstanding the illegality of the notes, and their consequent want of binding force upon the municipality, it may be that the township received, and has retained and used, the consideration in such way as to be liable in an action for the reasonable value; and, if so, the case is one in which an actual indebtedness may be shown. Or it may be that the trustee received the consideration, but converted it to individual uses, the township getting no benefit; and in such case a valid indebtedness, of course, could not be alleged; and this, regardless of inquiry whether the payee of the notes, the vendor of the goods for which they purport to have been given, acted in good or bad faith. If he acted in good faith, selling the goods at a fair price, and supposing that the township would get them, it would seem not unreasonable that he should have his remedy under the statute. But suppose he acted fraudulently? Leaving such questions for consideration when it shall be necessary to decide them, it is enough now that, in any view, the present complaint is not sufficient.

Demurrer sustained.