Neptune, Administrator of the Estate of Tyler, *v.* Tyler.

Filed April 23, 1896.

No. 1,858.

NEPTUNE, ADMINISTRATOR, *v.* TYLER.

DECEDENT'S ESTATE.—*Doctrine of Subrogation.*—Where a widow advances money to the administrator of her husband's estate, to be used by him in paying off just and valid claims against such estate, she is subrogated to the rights of the creditors whose claims were paid by her.

SAME.—*Unrecorded Deed.*—*Delivery.*—Where real estate was conveyed to decedent and his wife, jointly, and deed delivered to decedent by grantor, and said deed found among the private papers of

Neptune, Administrator of the Estate of Tyler, *v.* Tyler.

decedent unrecorded, the delivery of the deed to decedent inured to the benefit of his wife, and, at his death, the entire title to the real estate vested in her.

From the Knox Circuit Court.

*G. G. Reily* and *J. W. Emison,* for appellant.

*W. F. Townsend* and *J. Wilhelm,* for appellee.

DAVIS, J.—The appellee in this case advanced to the appellant, as administrator of her husband's estate, $32,470.00, which was used by him in paying just and valid claims against said estate. Her right to recover, if such right exists, rests on the equitable doctrine of subrogation. In her claim it is alleged, among other things, that the said Wilson M. Tyler died seized of a large and valuable estate, in real and personal property, supposed to be worth about $100,000.00. There was no agreement that the money should be repaid to her. In the court below she recovered judgment for the amount of her money so had and received by the administrator and used in paying such debts. The first error discussed is that the court below erred in overruling appellant's demurrer to the complaint.

Assuming that the correct rule applicable in such cases is enunciated in *Brown, Admr.,* v. *Forst,* 95 Ind. 248, there was no error in overruling the demurrer.

Counsel for appellant vigorously assail this decision, insisting that it is not sustained by authority, nor supported by sound logic. In this view we think counsel are mistaken. In our opinion the decision is sustained by authority and supported by logic, but we do not feel called upon to defend it upon either ground. As the rule there announced seems to us to be both just and equitable, we are disposed to follow it without hesitation in this case. The widow un-

doubtedly had such an interest in the estate of her deceased husband, under the authority cited, that she might protect her interest if she felt disposed to do so, by paying the just and valid claims against the estate. In allowing her to recover the money so paid, no one is injured. She is simply subrogated to the rights of the creditors whose just and valid claims were paid by her. She is only paid what otherwise would have been paid to such creditors. She gets neither more nor less than they were entitled to receive. The special finding of facts sustains the averments in the complaint, and is sufficient to authorize the judgment in appellee's favor.

In support of the motion for a new trial, it is insisted that the trial court erred in allowing the appellee the full amount of the proceeds of the homestead. In 1871 this real estate was conveyed to her husband. In 1884, through one John L. Butler, the property was conveyed to appellee and her husband jointly, but this deed was not then recorded. It was found among the decedent's private papers after his death, and was recorded by appellant. The delivery of the deed to her husband by Butler inured to the benefit of appellee, and at his death the entire title to the real estate vested in her. Nothing appears in the record tending to show that when the property was sold after his death she was not entitled to the full purchase-price therefor.

It appears that the entire proceeds of the homestead and also the life insurance payable to the appellee were had and received by the administrator and used by him in paying just and valid claims against the estate. There was no error, therefore, in allowing her the full amount of the proceeds of the homestead.

It is true the evidence does not disclose that when

she paid these claims she had any intention of requiring the money to be re-paid to her. She authorized the administrator to receive the money and to pay and discharge the debts of her husband therewith. It does not necessarily follow, however, that she is not entitled to recover the money so paid. Her right to recover is not founded on an agreement, either express or implied, that the money should be repaid to her. As we have before observed, her right to recover rests in the equitable doctrine of subrogation to the rights of the creditors whose claims have been paid by her money. If it clearly appeared from the undisputed facts and circumstances that she made a gift of her money to the administrator for the purpose of paying such debts, perhaps she would not be entitled to recover. The evidence, however, does not inevitably lead to this conclusion, and the trial court has not so found. On careful examination of the record, we do not find any reason that requires us to reverse the judgment of the trial court. There is no error in the record.

Judgment affirmed.

Filed November 7, 1895 ; petition for rehearing overruled April 23, 1896.