WHITE RIVER SCHOOL TOWNSHIP *v.* DORRELL.

[No. 3,397.   Filed March 7, 1901.   Rehearing denied April 23, 1901.]

TOWNSHIPS.—*Money Borrowed by Trustee for Construction of School-house.*—A recovery may be had for money advanced a township trustee for the purpose of completing a schoolhouse in course of construction, where the money was in fact applied to that purpose. *pp. 539, 540.*

JUDGMENT.—*Interest.—Finding.*—Plaintiff is entitled to interest on money furnished a township trustee for the construction of a schoolhouse only from the commencement of the action for its recovery, in the absence of any finding as to when the money was furnished or used or demand made for its repayment. *pp. 540, 541.*

From the Johnson Circuit Court. *Affirmed conditionally.*

*R. M. Miller* and *H. C. Barnett,* for appellant.

*E. F. White, G. I. White* and *W. A. Johnson,* for appellee.

Robinson, J.—On August 4, 1896, appellant's trustee was engaged in erecting a suitable and necessary schoolhouse in a certain school district having about forty children of school age and having no suitable schoolhouse. The contract price of the building was $1,300. The township had no funds belonging to the special school fund with which to pay for the completion of the building, and it required $500 to complete the building. The trustee represented to appellee that it was necessary for him to have such sum, and at the trustee's request, and for the purpose of completing the building, appellee turned over to the trustee that sum which was used in paying for the erection of the building under the contract and was paid by the trustee to the contractor for the purpose of paying for the completion of the building, and that the township since that time and now retains the benefit derived from the use of such sum in the use of such schoolhouse for school purposes; that such sum was not in excess of the fund on hand to which the debt is chargeable and the fund derived from the tax assessed for the year 1896. The trial court held that appellee ought to be subrogated to the rights of the contractor to the extent of $500, with interest.

The right of subrogation is not founded upon contract, express or implied. It is based upon the principles of equity and justice and includes every instance where one party, not a mere volunteer, pays for another a debt for which the latter was primarily liable and which in good conscience and equity he should have paid. See, *Spaulding* v. *Harvey,* 129 Ind. 106, 13 L. R. A. 619, 28 Am. St. 176; *Huffmond* v. *Bence,* 128 Ind. 131; *Sidener* v. *Pavey,* 77 Ind. 241; *Gerber* v. *Sharp,* 72 Ind. 553; *Rooker* v. *Benson,* 83 Ind. 250.

The findings show that the money received by the trustee was paid out by him for property actually received by the school corporation and retained by it. The contract for building the house was such a contract as the trustee was authorized to make. The money was advanced to the trustee for the purpose of completing a necessary and suitable schoolhouse, the trustee had not the means in hand to complete the building, and the money advanced was, in fact, applied to that purpose. To permit a recovery in such a case is in no way recognizing a general power in the trustee to borrow money. There is no suggestion whatever of any fraud in the building of the house. Appellant has received and retains the benefit of the money so advanced, and the simplest principles of equity and justice require that it should repay it. See, *Bicknell* v. *Widner School Tp.,* 73 Ind. 501; *Wallis* v. *Johnson School Tp.,* 75 Ind. 368; *First Nat. Bank* v. *Union School Tp.,* 75 Ind. 361; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121; *Reeve School Tp.* v. *Dodson,* 98 Ind. 497.

The court found that appellee is entitled to six per cent. interest from August 4, 1896, to December 20, 1899. The court found that payment was demanded before suit but does not find the date of the demand. We have held appellee liable for the amount on the ground that the money was advanced for the purpose of completing the building and that it was in fact applied to that purpose. Appellee would be entitled to interest from the time the money advanced was actually used. There is a finding that the money was paid to the contractor. But there is no finding when it was so paid. The township did not necessarily have the use of the money from the day it was turned over to the trustee. It did have the use of the money from the time it was paid to the contractor for the completion of the building. But this date is not found. From the findings interest should have been allowed only from the date of the filing of the suit. The amount of interest from August 4, 1896, to the

date of filing the complaint, February 7, 1899, $75.25, is excessive.

If appellee will within thirty days from this date remit $75.25 as of the date of the judgment, the cause will be affirmed, otherwise reversed.