## INDIANAPOLIS STREET RAILWAY COMPANY *v.* HOCKETT.

[No. 20,002.   Filed January 27, 1903.]

TRIAL.—*Instructions.*—*Harmless Error.*—*Carriers.*—A judgment against a carrier for personal injuries will not be reversed because of an instruction that defendant was liable for the slightest "neglect resulting in an injury," where the jury was clearly informed in other instructions that there could be no recovery unless plaintiff had proved by a preponderance of the evidence that the injuries sued for were the direct and proximate result of defendant's negligence specified in the complaint. *p. 679.*

SAME.—*Instructions.*—*Harmless Error.*—An instruction relating to an alleged condition which the jury found, in answer to interrogatories, did not exist, was harmless, though erroneous. *pp. 681, 682.*

SAME.—*Instructions.*—*Harmless Error.*—No error was committed in refusing an instruction which was irrelevant to the facts as found by the jury. *p. 683.*

Indianapolis St. R. Co. v. Hockett.

NEGLIGENCE.—*Street Railroads.*—*Passenger Attempting to Alight While Car is in Motion.*—Whether a passenger is guilty of negligence in attempting to get off a moving street car, not running at a dangerous rate of speed, is a question for the jury, to be determined from the facts, under proper instructions by the court. *pp. 683, 684.*

APPEAL AND ERROR.—*Exceptions.*—*Court Questioning Witnesses.*—The action of the court in interrogating appellant's witnesses will not be reviewed on appeal, where no objections or exceptions were reserved. *p. 684.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Frank M. Hockett against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. H. Latta, F. Winter* and *Clarence Winter,* for appellant.

*E. F. Ritter* and *W. S. Doan,* for appellee.

HADLEY, C. J.—Action by appellee to recover damages for loss of services of his wife, and expenses in curing her, occasioned by injuries received through the alleged negligence of appellant. The negligence charged is to the effect that while the plaintiff's wife was a passenger on one of appellant's cars, which had stopped, at her request, at a regular stopping place, to enable her to alight therefrom, the defendant negligently failed to give her time to alight; and while in the act of alighting with all reasonable dispatch, and when she had proceeded as far and no farther than the step of the car, the defendant negligently and suddenly, and without any warning to the plaintiff's wife, caused said car to be suddenly, unexpectedly, and violently started forward, and thereby negligently and with great force threw the plaintiff's wife from the step of said car to the ground, whereby her arm was broken, and other severe and permanent injuries inflicted upon her. Answer by general denial. Trial by jury. Verdict and judgment for appellee for $1,000.

The errors complained of, and not waived, arise from the refusal of the court below to grant appellant a new trial.

Complaint is made of the giving and of the refusing to give certain instructions to the jury.  By its number three the court charged the jury, in substance, that the defendant being a common carrier of passengers for hire, in legal contemplation, it was chargeable with the exercise of the highest degree of care to secure the safety of its passengers consistent with the practical operation of its road, the mode of traveling, and the character of the conveyance in use, and the defendant would, therefore, be responsible for the slightest neglect resulting in an injury to a passenger on its car, if such passenger at the time, was in the exercise of such care as an ordinarily prudent and cautious person would exert under the circumstances of the particular case.

The objection made to the instruction is that it is too broad, and is erroneous, for failure of the court to limit the defendant's liability to such neglect or omission of duty as is shown to be the proximate cause of the injury sued for. Considered abstractly, there is hardly tenable grounds for this criticism, for the words are "neglect resulting in an injury;" but the language employed in subsequent numbers removes every doubt of the propriety of the charge.  It is stated in the next following instruction given to the jury, in unmistakable terms, that there could be no recovery unless the plaintiff had proved by a preponderance of evidence, that the injuries sued for were the *direct* and *proximate* result of the defendant's negligence specified in the complaint.  And language to the same effect is repeated in number five.  So when the instructions are considered as a whole, as we are required to consider them, it is obvious that the jury could not have been misled by the language complained of.

The substance of the fourth charge given, is that the gist of the plaintiff's action is that his wife was injured by the defendant negligently starting forward the car in which she

was a passenger while she was alighting from it, and before he could recover he must establish by a preponderance of the evidence, (1) that his wife was injured; and (2) that such injury was the direct and proximate result of the negligent and careless starting of such car while the plaintiff's wife was alighting therefrom. It was the duty of the jury to determine whether the defendant was guilty of negligence in the alleged starting of the car while the plaintiff's wife was in the act of getting off, and whether the injuries complained of were caused thereby; and in settling these things they might consider, with all the other circumstances of the case in evidence, whether the car was fully stopped, and if stopped whether of sufficient length of time for the plaintiff's wife to have safely alighted, her age, size, and physical strength, and whether the car was so crowded with passengers as to make it difficult for her to depart. It was the duty of the defendant to stop its car for such a length of time, and to provide such facilities as would enable the plaintiff's wife to alight safely, and it should be held to a strict compliance with such duty. If, however, it was found that the car did not start while the plaintiff's wife was in the act of getting off, and that she fell from some other cause than the starting of the car, the plaintiff could not recover.

The objection presented to this instruction is that it is confusing and contradictory. That while it opens upon the correct theory of the complaint, it concludes with authorizing the jury to consider matters that would be competent only on the theory that the cause of action was for not stopping a sufficient time for the plaintiff's wife to get off. We cannot sustain this objection. Whether the car was, or not, stopped, was a proper inquiry. The untimely starting of the car is the act complained of, and there could be no starting without a previous stopping. The charge would have been quite as clear, and more skilfully drawn, if reference to the length of stoppage, the age, etc., of the wife,

and the number of passengers aboard, had been omitted; but the closing sentences of the instruction clearly and correctly guided the jury in their duty under the complaint and removed every chance for harmful effect from the superfluous matter.

In its sixth instruction the court told the jury, in effect, that if the plaintiff's wife was a passenger on the defendant's car, and the car had been stopped for her to get off, but started again before she had time to do so, and if, at the time the car started she was in a position of safety upon the car, and the car had attained a rate of speed to make it dangerous for her to attempt to alight, and she knew such fact, or by the exercise of reasonable care might have known it, it was her duty to remain on the car until it was again stopped; and if, notwithstanding the movement of the car, she attempted to alight therefrom, while she knew, or might have known, that the car was moving at a rate of speed to make it dangerous for her to attempt to alight, the plaintiff could not recover, even if the car had been stopped, and wrongfully started before his wife had time to get off. The mere fact that the car started before she had time successfully to alight, gave her no right to make the attempt while the car was going at a dangerous rate of speed. The law does not require the same foresight and prudence of one suddenly and unexpectedly placed in a dangerous position by the wrongful act of a common carrier as is ordinarily required; and if the plaintiff's wife knew the car had stopped to let off passengers at a street crossing where cars were accustomed to stop for the discharge of passengers, she had a right to assume that the car would stop long enough for all to alight who desired, and if she was proceeding in reasonable haste to get off, she had a right, without something took place to put her on her guard, to act upon the theory that the defendant would do its duty with respect to the length of the stop.

It is urged that the first branch of this instruction contains a misstatement of the law in this,—that by the exercise of his senses, which is always required, a passenger must as matter of fact know when a car he is on is moving, and so knowing, if he attempts voluntarily to leave such moving car, whether going fast or slow, he assumes the risk whatever it may be. This branch of the charge was given in reference to some testimony produced by the appellant tending to show that the plaintiff's wife, after the car had started, left her seat in the body of the car, and, going to the rear, stepped off while the car was running at its usual rate of speed between stopping places. The necessity of reviewing this part of the instruction is carried out of the case by the finding of the jury in answer to interrogatories propounded to them by the court at the request of appellant, that the plaintiff's wife, in proceeding to alight, had reached the step of the car, within one step of the ground, and which was not a place of safety, when the car was started. The instruction, therefore, related to a state of facts that the jury found, under the evidence, did not exist, and it could not have influenced the verdict; hence the giving of the instruction was harmless, if erroneous,—which we by no means admit. No valid objection to the remaining part of the instruction is pointed out, and we do not perceive that there is any.

Numbers three and four of the instructions requested by appellant and refused are, in substance, the same, and are to the effect that if the car started while the plaintiff's wife was upon it, and before she had time to alight, and while she was still in a position of safety, it was her duty to remain on the car until it could be stopped. If, instead of remaining on the car, she attempted to alight from it, plaintiff cannot recover, even though the car was wrongfully started before his wife could get off.

The fifth proposition refused amounted to this: If the car was running when the plaintiff's wife tried to get off,

she was chargeable with the knowledge of that fact, though she may not actually have known it. These numbers were properly refused for two reasons: (1) Because the substance of each was given in the court's number six; and (2) because they were irrelevant to the facts in the case as the jury found them to be.

The sixth proposition refused was as follows: "The mere fact that the car started before the plaintiff's wife had time to alight, would not give her the right to jump from the car while it was in motion." In lieu of the above, the court gave the jury the following: "The mere fact that the car started before the plaintiff's wife had time to alight, would not give her the right to alight from the car while the same was going at a rate of speed which would make it dangerous to do so." While it is very true that the wrongful and premature starting of the car would not of itself justify the plaintiff's wife in leaving it while in motion, yet, so far as the instruction might convey the idea that the plaintiff's wife had no right, under any circumstances, to attempt to get off the car while it was in motion, it was too narrow. Usually there is a time, before a street car comes to a full stop, and after starting, when a passenger, ordinarily active, may safely alight from the step to the street. There are also other times when a car is going at such a rate of speed as to make it dangerous, and when an attempt to alight would be negligence. So whether the alighting, or the attempt to alight, from a moving street car not running at a dangerous rate of speed constitutes negligence, or due care, is a question for the jury, to be determined upon its own facts under proper instructions by the court. And if it is shown that the plaintiff acted as those of ordinary prudence and caution usually act in getting off of moving street cars, the act should not be counted as negligence. *Conner* v. *Citizens St. R. Co.,* 105 Ind. 62, 55 Am. Rep. 177; *Citizens St. R. Co.* v. *Spahr,* 7 Ind. App. 23; *Corlin* v. *West End St. R.*

*Co.,* 154 Mass. 197, 27 N. E. 1,000.; *Cicero, etc., St. R. Co.* v. *Meixner,* 160 Ill. 320, 43 N. E. 823, 31 L. R. A. 331.

By its number seven appellant requested the court to instruct the jury that if the car was in motion when the plaintiff's wife reached the platform, and before she went upon the step of the car, then they should find for the defendant. The refusal to give this instruction was also harmless, because, as we have heretofore seen, it was irrelevant to the facts as the jury found them to exist.

During the cross-examination of certain of appellant's witnesses the court interposed and propounded divers questions of its own motion. He did not interrogate any of the plaintiff's witnesses. Appellant complains that the conduct of the court in confining his questions to its witnesses, and the direct and energetic manner of the questions propounded, were prejudicial to its witnesses and cause of defense. No objection appears to have been made at the time to any of the questions asked, or to the manner in which they were stated, and no exception was reserved for this court. Appellant has, therefore, now no right to ask this court to give judgment on a matter with which it was content until the verdict had gone against it.

We are unable to say that the verdict was not sustained by sufficient evidence. A disparity in the number of witnesses signifies little as to the party entitled to the judgment. There is a sharp conflict in the evidence on the vital question in the case, and we have no power to weigh it.

Judgment affirmed.