## CHAMNESS *v.* CHAMNESS, ADMINISTRATOR.

[No. 7,909. Filed April 2, 1913.]

1. SUBROGATION.—*Voluntary Payments.—Payment of Claim Against Estate.*—An heir, having a personal interest in an estate, who paid claims against the estate, was not a volunteer within the rule that a volunteer is not entitled to subrogation. p. 228.

2. COURTS.—*Circuit Courts.—Exercise of Probate Jurisdiction.— Equitable Questions.*—The circuit courts, in the exercise of

their probate jurisdiction, have the power to determine either legal or equitable questions, when properly presented, and to award all the necessary relief. p. 228.

3. SUBROGATION.—*Right of Subrogation.*—The right of subrogation, being founded on principles of equity and justice, is broad enough to include every instance in which one party, not a mere volunteer, pays the debt of another, primarily liable, and which in good conscience and equity should have been paid by the latter. p. 228.

4. SUBROGATION.—*Rights of Heirs.—Payment of Claim Against Estate.*—An heir who, with the knowledge and consent of other heirs, paid a note owing by the decedent, for the purpose of avoiding the expense of formal administration, was entitled to subrogation to the rights of the creditor. p. 228.

5. SUBROGATION.—*Rights of Heirs.—Expenses of Administration.*— Where, upon a voluntary distribution of a decedent's property, made for the purpose of avoiding formal administration, certain live stock was given to one of the heirs, and the administrator, who was subsequently appointed, permitted such live stock to remain in the custody of such heir until sold, such heir was entitled to recover for his services in feeding and caring for same, and, while such charge is more properly a cost of administration, rather than a claim against the estate, it is one to which the doctrine of subrogation applies. p. 229.

6. SUBROGATION.—*Rights of Heirs.—Payment of Taxes.*—Although by §10340 Burns 1908, Acts 1897 p. 226, an administrator, who fails to pay the taxes against an estate when due, is not entitled to any credit for the penalty occasioned by the delinquency, an heir who pays such taxes, in a case where such payment is necessary to prevent a sale, is entitled to recover the payments from the estate on the principle of subrogation. p. 229.

From Wayne Circuit Court; *Henry C. Fox*, Judge.

Action by Russel Chamness on a claim filed against the estate of Sarah Chamness, deceased, and disallowed by John W. Chamness, administrator. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Beach & Mikels*, for appellant.

*William O. Barnard* and *William E. Jeffrey*, for appellee.

ADAMS, J.—Sarah E. Chamness died intestate on March 3, 1909, leaving as her only heirs, appellant and his sister Ella Howell, children by a former marriage, and John W.

Chamness, her second husband. A few days later, at the
instance of John W. Chamness, there was a meeting of the
heirs at the late home of the decedent, for the purpose of
dividing the personal property and settling the estate out
of court. It was understood by all of the parties that to
prevent administration on the estate, it would be necessary
to pay the debts owing by the decedent. There was a bal-
ance due on a note of the decedent to Bue A. Jordan, and
said Jordan was threatening to collect the same by law.
John W. Chamness was unable to furnish the money to pay
this note, and appellant offered to pay and subsequently did
pay the same, in the sum of $36.05. At the meeting of the
heirs, a partial settlement was made, and a part of the prop-
erty allotted to each. To appellant was given certain live
stock, which he removed to his home, and kept for five
months. On March 20, 1909, John W. Chamness took out
letters of administration on the estate of his deceased wife.
He did not take possession of the live stock allotted to appel-
lant, but had the same inventoried and appraised, and per-
mitted said stock to remain on the farm of appellant to be
fed and cared for by him until the sale, which was held in
August following. The value of such feed and care consti-
tutes the second item of appellant's claim. The adminis-
trator failed and neglected to pay the November install-
ment of taxes for the year 1908, due and payable in the
year 1909, on the personal and real estate of the decedent,
and after said taxes became delinquent, appellant paid the
same, together with the penalty, and included the amount
paid in his claim against the estate. Decedent was a policy
holder in a local insurance company, and, after her death,
an assessment was made against her policy for its *pro rata*
share of losses theretofore occurring. The administrator
failed to pay the assessment. On the last day, appellant, to
prevent a forfeiture, paid the assessment, which is also in-
cluded with other items herein noted, in his claim against
the estate for reimbursement.

Appellant's claim was disallowed and transferred to the issue docket of the Henry Circuit Court. The venue was changed to the Wayne Circuit Court, where the cause was submitted to a jury. At the close of appellant's evidence, the court sustained appellee's motion for a peremptory instruction, and directed the jury to find for the defendant. A verdict for the defendant was accordingly returned, and judgment rendered thereon. The overruling of appellant's motion for a new trial is the only error assigned and relied on for reversal. The giving of the peremptory instruction was one of the causes for a new trial, specified in the motion.

1. This is the only question in the case. There is no dispute as to the facts, the appellee merely insisting that appellant, in the payment of the several items embraced in his claim, was a volunteer, and, therefore, not entitled to the right of subrogation. But, Was he a volunteer, in the light of the facts disclosed? We think not. He was not a stranger, but an heir, having a personal interest in the estate.

2. It is well settled that circuit courts of this State, in the exercise of their probate jurisdiction, have the power to determine either legal or equitable questions, when properly presented, and to award all necessary relief whether legal or equitable. *Galvin* v. *Britton* (1898), 151 Ind. 1, 11, 49 N. E. 1064, and cases cited. In *Davis* v. *Schlemmer* (1898), 150 Ind. 472, 478, 50 N. E. 373, the court said: "The right of subrogation is not founded 3. on contract, express or implied, but upon principles of equity and justice, and is broad enough to include every instance in which one party, not a mere volunteer, pays the debt of another, primarily liable, and which in good conscience and equity should have been paid by the latter."

4. As to the first item of appellant's claim, it would be unconscionable to hold that an heir could not be subrogated to the rights of creditors, where, with the knowledge and consent of other heirs, he paid a note owing

by the decedent, for the purpose of avoiding the expenses of formal administration. The second item of the claim,
5. being for the value of appellant's services in feeding and caring for live stock belonging to the estate, is not strictly a claim against the estate. Such a charge might be designated more properly as cost of administration, and yet, our decisions have been liberal in applying the doctrine of subrogation even to items of this character. *Pease* v. *Christman* (1902), 158 Ind. 642, 64 N. E. 90, was a case where a widow contracted for a monument to be erected at the grave of her late husband, and paid for the same out of her own means. She then filed her claim against the estate to be reimbursed for the amount paid. At page 644 the court said: "If the claim in dispute were in the first instance valid and just, and one that could have been legally contracted by the administrator, and paid for by him out of the assets, certainly, then, there can be no reasonable objections urged why appellee may not be subrogated to the rights of the dealer or party who furnished the monument." For the expenses incident to the keeping of live stock belonging to the estate, the administrator clearly had a right to contract. He could have paid the reasonable value of such service out of the assets of the estate, and the fact that appellant himself rendered the service does not in any essential particular change the principle announced.

It also appears that the administrator failed and neglected to pay the taxes assessed against the property of the decedent, and permitted said taxes to become delin-
6. quent. Appellant paid the taxes and penalty, and included the amount in his claim. By §10340 Burns 1908, Acts 1897 p. 226, it is made the duty of an administrator to pay the taxes out of the assets in his hands belonging to the estate, and on failure to pay, he is not entitled to any credit for the penalty occasioned by delinquency. But in this case, it was necessary to pay the taxes to prevent a sale. Appellant was not a stranger or volunteer. He was

an heir interested in the estate, and his act was clearly beneficial thereto. In the case of Brown v. Forst (1884), 95 Ind. 248, the widow paid certain claims against the estate, and for the aggregate amount of the claims paid by her, filed her own claim asking to be reimbursed. The court, at page 250, said: "We think that a widow has such an interest in the settlement of her deceased husband's estate as will, where it is beneficial thereto, enable her to be subrogated to the rights of creditors whose claims have been paid by her, or by her money advanced to the executor or administrator for that purpose." The foregoing rule was expressly approved and followed in Neptune v. Tyler (1896), 15 Ind. App. 132, 41 N. E. 965, and we think is conclusive of the question presented by the record before us. The claims paid by appellant were shown, without contradiction, to be valid demands against the estate. The court erred in directing the jury to return a verdict for appellee.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 101 N. E. 323. See, also, under (1) 37 Cyc. 375, 393; (2) 11 Cyc. 791; (3) 37 Cyc. 370; (4) 37 Cyc. 393; (5) 37 Cyc. 392; (6) 37 Cyc. 443. As to subrogation generally and by whom it may be invoked, see 99 Am. St. 496. As to the right of one who advances money for the payment of a debt or incumbrance against a decedent's estate to be subrogated to the creditor's rights, see 11 Ann. Cas. 676.