## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HUSKINS.

[No. 22,827.   Filed October 14, 1915.]

1. CARRIERS.—*Injury to Passengers.—Proximate Cause.—Contributory Negligence.—Complaint.*—A complaint by a passenger for injuries sustained in alighting from a train, charging that on approaching a regular stopping place where plaintiff desired to alight, plaintiff went on the platform of the coach, and thereupon the speed of the train was decreased as in preparation for a full stop, that on such slackening of the speed he stepped on the second step preparatory to alighting from the car when it came to a stand, that numerous other passengers were at the time in like situation, and that instead of bringing the train to a stop the speed thereof was negligently increased with a sudden and violent jerk, whereby plaintiff was thrown, is not open to the objection that it fails to charge negligence as the proximate cause of the injury and that it shows contributory negligence. p. 615.

2. APPEAL.—*Ruling on Demurrer.—Waiver of Error.*—Alleged error in overruling a demurrer to a complaint, on the ground that the complaint showed an alleged contract to have been in writing and that the same was not made an exhibit thereto, was waived by failure to refer to the point in the memorandum accompanying the demurrer. p. 616.

3. APPEAL.—*Presenting Questions for Review.—Record.—Briefs.*— No question is presented on alleged error of the trial court in relation to the answering of interrogatories submitted to the jury, where appellant fails to set out in its brief any portion of the record disclosing such action. p. 616.

4. APPEAL.—*Review.—Refusal of Instructions.*—Reversal can not be predicated on the refusal of instructions on the theory that plaintiff was guilty of contributory negligence *per se*, where it appears from the evidence that their refusal was proper. p. 617.

5. CARRIERS.—*Injury to Passengers.—Trial.—Instructions.*—In a passenger's action for injuries in alighting from a train, an instruction that the law exacts of a carrier of passengers for hire the highest degree of care and diligence for their safety consistent with its mode of conveyance and the practical operation of its cars and road, and that it is responsible for the slightest neglect resulting in injury to a passenger, if the latter is at the time in the exercise of ordinary care and free from fault, was not error, in view of a previous instruction properly defining plaintiff's duty in regard to the exercise of ordinary care. p. 617.

6. APPEAL.—*Waiver of Error.—Briefs.*—Alleged error in the admission of certain evidence is waived by appellant's failure in its brief to disclose that any objection to its admission was made. p. 617.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by Charles M. Huskins against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Edward Barton, John A. Lewis* and *McMullen & McMullens,* for appellant.

*Kochenour & Prince* and *Montgomery & Montgomery,* for appellee.

MORRIS, J.—Suit by appellee against appellant for damages for personal injuries. Appellant's demurrer to the complaint was overruled. Verdict and judgment for appellee for $800. The complaint avers that appellee was employed by a cement company operating a quarry near Mitchell on the line of appellant's railroad; that a contract existed between appellant and the cement company for carrying the employes of the latter to and from their work at the quarry; that between Mitchell and the quarry there was a regular stopping point for appellant's trains known as Coyles Crossing, where workmen returning from the quarry on appellant's trains were discharged therefrom when they so desired; that appellee, a passenger on a train running from the quarry to Mitchell,

desired to alight at Coyles Crossing, and, on the approach thereto, went on the platform of the coach in which he was riding, and thereupon the speed of the train was decreased as in preparation for a full stop; that on such slackening of speed, plaintiff stepped on the second step of the coach preparatory to alighting from the car when it came to a stand; that at the time numerous other passengers were in like situation; that instead of bringing the train to a stop, as was appellant's custom and duty, it suddenly and with a violent jerk, negligently increased the speed thereof and thereby threw appellee to the ground, causing serious bodily injury to him.

In appellant's memorandum, appended to its demurrer, the complaint is assailed because, as alleged, it fails to sufficiently charge negligence as the proximate cause of injury, and because it shows contributory negligence of appellee. We are of the opinion that the complaint is sufficient as against the objections urged. Appellant further con-

2. tends that the complaint is insufficient to repel its demurrer because it shows that the contract between appellant and the cement company was in writing but fails to exhibit it. Inasmuch as there is no reference to this point in appellant's memorandum to its demurrer, the same was waived. Acts 1911 p. 415, §344 Burns 1914.

It is contended that the court erred in its action in relation to the answering of interrogatories submitted to the

3. jury. Appellant has failed to set out in its brief any portion of the record disclosing the action of the trial court in reference to the error urged. It is suggested in appellee's brief that such action is disclosed by a special bill of exceptions, but neither the bill nor the substance thereof is set out in appellant's brief, and consequently no question is presented here for review. Clause 5, Rule 22 of this court.

Instructions Nos. 6, 7 and 8, requested by appellant, were drawn on the theory that appellee was guilty of con-

Baltimore, etc., R. Co. *v.* Huskins—183 Ind. 614.

tributory negligence *per se*. Error is predicated on the court's refusal to give each of them. Under the evidence disclosed by the record we are of the opinion that the refusal constituted no error.

Complaint is made of instruction No. 13 given, which is as follows: ''The law exacts of a carrier of passengers for hire the highest degree of care and diligence for the safety of its passengers consistent with its mode of conveyance and the practical operation of its cars and road, and such carrier is responsible for the slightest neglect resulting in an injury to a passenger on its car, if such passenger at the time is in the exercise of ordinary care for his own safety and is without fault.'' In a previous instruction the court had properly defined appellee's duty in regard to the exercise of ordinary care. We are of the opinion that no reversible error was committed in the giving of the instruction. *Indianapolis St. R. Co.* v. *Hockett* (1903), 159 Ind. 677, 66 N. E. 39. Error is predicated on the court's action in relation to other instructions given and refused. Without setting them out, it is sufficient to say that we find no reversible error in such action.

It is contended that error appears in the admission of certain evidence of witness Weitknecht. If any objection was made by appellant to the admission of the evidence, it is not disclosed by appellant's brief, and such omission waives its right to a review by this court of the trial court's ruling. Clause 5, Rule 22 Supreme Court. There is some evidence to support the verdict, and the errors assigned do not warrant a new trial. Judgment affirmed.

NOTE.—Reported in 109 N. E. 764. What wrongful acts are deemed to be the proximate cause of injuries in the case of railroads, see 41 Am. Rep. 53. As to sufficiency of general allegation of negligence, see 59 L. R. A. 239. On the use of emphatic words like "great care", "utmost care" or "highest care" in instructing jury as to the duty of carriers to passengers, see 3 L. R. A. (N. S.) 94. Duty of railroad company to allow passengers time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas.

1912 C 794. See, also, under (1) 6 Cyc. 626, 627; (2) 3 C. J. 1409;
2 Cyc. 1013; (3) 3 C. J. 1409, 1412; 2 Cyc. 1013, 1014; (4) 38 Cyc.
1618, 1619; (5) 6 Cyc. 591; 38 Cyc. 1778; (6) 3 C. J. 1415.