INDIANAPOLIS AND CINCINNATI TRACTION COMPANY
*v.* ROGERS.

[No. 10,989. Filed March 15, 1922. Rehearing denied June 23, 1922. Transfer denied December 20, 1922.]

1. RAILROADS.— *Crossing Accidents.— Last Clear Chance.— Instructions.*—In an action for personal injuries sustained by plaintiff when an automobile in which she was riding was struck on a street crossing by an interurban car, an instruction that, where one is in a position of peril at a railroad crossing, and unable to extricate himself, a duty is imposed on the motorman of an interurban car to use ordinary care in looking ahead to discover persons or objects on the track, and that such failure entitles the injured party to relief, regardless of whether he was first negligent in getting into his perilous position and of whether the motorman actually saw him in such position, is erroneous, since, under the doctrine of last clear chance, the motorman was under no special duty to use due care to discover plaintiff's position of peril, but was only bound to use such care to avoid injury after discovering her peril. p. 175.

2. TRIAL.— *Instructions.— Assumption of Facts.—* In an action for personal injuries sustained by plaintiff when an automobile in which she was riding was struck on a street crossing by an interurban car, an instruction that it is not necessary for plaintiff to prove that the motorman actually saw the automobile on the track, that it was in fact on the track when the car came in sight of the crossing one-half mile or more away, that there was nothing to obstruct the view of the motorman,

and that the law presumes that the motorman saw the automobile in time to have stopped the car, was erroneous as assuming that the automobile was on the track when the car was one-half mile away.    p. 176.

3.    RAILROADS.— *Operation.—Brakes.—Statute.—Applicability.—* Section 5283 Burns 1914, Acts 1911 p. 432, requiring steam and electric railways to equip cars with air and hand brakes, has no application to the safety of the general public.    p. 177.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Elizabeth Rogers against the Indianapolis and Cincinnati Traction Company.    From a judgment for plaintiff, the defendant appeals.    *Reversed.*

*Shirts & Fertig, Thomas E. Davidson, Joseph R. Morgan* and *Donald L. Smith,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages resulting from injuries received by appellee in a collision between appellant's interurban car and an automobile in which appellee was riding.    The collision occurred May 31, 1918, about 7 o'clock p.m. at stop 5, on the interurban line running from Greensburg to Indianapolis, about four miles southeast of Indianapolis.    Appellant's railroad, at the place of the accident and east thereof for more than a mile parallels Michigan road, running on the south side thereof, and at stop 5 crosses Arlington avenue, about twelve inches above the grade of Michigan road which runs southeast and northwest. Arlington avenue runs north and south.    The automobile in which appellee was riding was traveling northwest on Michigan road, and when it reached Arlington avenue turned south into the avenue, and as it attempted to cross the railroad the collision occurred.

The jury returned a verdict for appellee for $5,000, with answers to interrogatories.    Appellant presents error of the court in overruling its motion for judgment *non obstante,* and in overruling its motion for a new trial.

Appellant contends that the facts found by the jury in their answers to interrogatories entitled it to judgment in its favor notwithstanding the general verdict for appellee, but, as we read them, there is such confusion and contradiction as to make them unavailable to appellant for the purpose of its motion. But, because of the uncertainty of the facts as found by the jury, and in view of the evidence upon which they were based, we should be certain that the record is clear of prejudicial errors.

Instruction No. 4 tendered by appellee, and given, informed the jury that—"Where one is in a position of peril at a railroad crossing, and unable to extri-

1. cate himself therefrom, the law imposes a duty upon those running a locomotive or electric car to use ordinary care in looking ahead to discover persons or objects on the track, at such crossing and to use like care in discovering and acting upon danger signals." The instruction then says: "A failure on the part of the motorman to do the things above enumerated may entitle the injured party to relief in the way of damages, regardless of the fact that he may have been first negligent in getting into his perilous position, and regardless of the fact that the party causing the injury did not actually see him in the dangerous position."

Appellant forcefully contends that the doctrine of last clear chance has no application under the facts of this case, basing its contention on the proposition that the facts found do not show that there was any negligence on the part of appellant. Certainly if such doctrine does have any application, appellant was entitled to have the rule correctly stated. The instruction was misleading and erroneous. While there may have been some confusion for a time under Indiana holdings, as to whether, in order to hold a party injuring another liable under the doctrine of last clear chance, it was necessary

176    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Rogers—79 Ind. App. 173.

to establish the fact that he actually saw or had actual knowledge of the injured party's peril in time to have exercised ordinary care to avoid the accident, there can be no question as to the rule since the Supreme Court's decision in the case of *Terre Haute, etc., Trac. Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785.    In that case, the court says:  "No special duty to use due care in favor of a particular party arises without actual notice of the particular party's peril.   A general duty exists, in the absence of such actual knowledge, to use due care for the protection generally of parties who may or may not be in danger at crossings, but are not known to be in danger, and contributory negligence is a defense when this general, and not a specific, duty of the motorman is violated."

In the case of *Union Traction, etc., Co.* v. *Vatchet* (1921), 191 Ind. 324, 132 N. E. 591, the Supreme Court follows with approval the Stevenson case, *supra.*

Appellee says that, even if actual knowledge is required, the evidence shows such knowledge.   But the answers to interrogatories are clearly susceptible of a contrary interpretation.

Instruction No. 8, after stating general duties of the motorman, says:   "It is not necessary for the plaintiff, in cases such as this, to prove that the motorman actually saw the automobile on the track; that it was, in fact, on the track when defendant's car came in sight of such crossing, one-half mile or more to the southeast, and that there was nothing to obstruct the view of the motorman running said car, and that plaintiff and her children were then in a position of peril from which they could not extricate themselves by the use of due care, and that said car could have been stopped within a distance of one-half mile or less, then I instruct you that the law will presume, that the said

motorman saw the automobile on the track in time to have stopped his car, by the exercise of due care, before it struck said automobile." This instruction was erroneous, for the reason that it assumes that the automobile was on the track when the car was one-half mile or more away.

The Stevenson case disapproves the case of *Indianapolis St. R. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 72 N. E. 169, 1034, as to its statement of the doctrine of last clear chance. In that case the instruction told the jury that: "The motorman," etc., "was bound to see, in the exercise of due care, the dangerous position of plaintiff's wife upon the track ahead of the car, * * *" —while in instruction No. 8 herein, the court told the jury: "That the law will presume that the said motorman saw the automobile on the track in time to have stopped his car." If the one expression is disapproved, certainly the other must be.

Instruction No. 10 was erroneous for the reason that it was based upon §5283 Burns 1914, Acts 1911 p. 432, which has no application to the safety of the general public. *Indiana, etc., Coal Co.* v. *Neal* (1906), 166 Ind. 458, 77 N. E. 850, 9 Ann. Cas. 424. But the instruction was made harmless by the answers to interrogatories. *Indianapolis St. R. Co.* v. *Hockett* (1903), 159 Ind. 677, 66 N. E. 39.

Appellant tendered its instruction No. 14, to the effect that railroads are permitted to operate their trains through the open country at any rate of speed they may choose, consistent with the safety of operatives and passengers, and under such circumstances it is not negligence *per se* to operate a train at the rate of sixty miles per hour. The principle of this instruction is stated in *Lake Shore, etc., R. Co.* v. *Barnes* (1906), 166 Ind. 7, 76 N. E. 629, 3 L. R. A. (N. S.) 778, and is followed by

*Brooks* v. *Muncie, etc., Traction Co.* (1911), 176 Ind. 298, 95 N. E. 1006.

The judgment is reversed, with instructions to the trial court to grant a new trial.