KAMARATA, ETC., ET AL. *v.* HAYES FREIGHT LINES, INC.

[No. 18,285. Filed November 20, 1952. Rehearing denied December 18, 1952. Transfer denied January 29, 1953.]

Thomas J. Gallagher, of Sullivan and James F. Gallagher, of Newport, for appellants.

Paul O. Hertwig and Robert H. Duffy, both of Terre Hause, for appellee.

MARTIN, J.—This is an appeal from a judgment in an action for subrogation brought by the appellee.

The issues were formed on appellee's second amended complaint in one paragraph and the answers thereto.

The cause was submitted to the court without the intervention of a jury. The court found for the appellee and against the appellants and rendered judgment in the sum of $1,152 and costs.

The errors assigned for reversal in this court are: that the court erred in overruling each of appellants' motions to make the second amended complaint more specific; that the court erred in overruling the demurrer of each of the appellants to the second amended complaint, and, that the court erred in overruling each of appellants' motions for a new trial.

There was no reversible error in the overruling of a motion to require the complaint to be made more specific, where most of the details called for were peculiarly within the knowledge of the defendants, who were in no way deprived of any right by the ruling, and where, on the facts of the case, the motion presented a question within the discretion of the trial court. Rock Oil Co. v. Brumbaugh (1915), 59 Ind. App. 640, 108 N. E. 260.

The ruling of the trial court upon a motion to make more specific is largely within the discretion of the trial court and will not be considered grounds for reversal unless the trial court is shown to have abused its discretion to the harm of the complaining party. *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401; *Public Service Co.* v. *Tackett, Admr.* (1943), 113 Ind. App. 307, 47 N. E. 2d 851; *Chesapeake & Ohio R. Co.* v. *Powell* (1943), 113 Ind. App. 1, 44 N. E. 2d 514.

Plaintiff's second amended complaint, omitting the caption, reads as follows:

"Plaintiff complains of the Defendants herein and each of them and for cause of Complaint, says:

"1. That this Plaintiff is a corporation organized for the purpose of dealing in and transporting intra-state and inter-state freight; is a Common Carrier and is duly authorized to do business in the State of Indiana and elsewhere as a Common Carrier.

"2. That on May 3rd, 1946 the Defendant, Charles W. Kamarata was the owner of that business situated at 126 South Main Street, in the City of Clinton, Indiana and which said business was from time to time conducted by the said Charles W. Kamarata under various names and titles among which were, Charles W. Kamarata Plumbing Company, Kamarata Plumbing and Appliances and Kamarata Plumbing Company.

"3. That on or about May 3rd, 1946, the said Charles W. Kamarata as the owner of that business situated at 126 South Main Street, in the City of Clinton, Indiana called Peerless Sales of Lincoln, Nebraska, by long distance telephone and ordered certain heating equipment to-wit: 8, No. 90 Oil Burning Furnaces. That said heating equipment was thereafter shipped on or about June 14th, 1946, sight draft/bill of lading from Union Bank of Lincoln, Nebraka to Citizens State Bank of Clinton, Indiana.

"4. That on or about June 5th, 1946 Charles W. Kamarata transferred and assigned his right, title and interest in and to that business formerly conducted by him at 126 South Main Street, in the City of Clinton, Indiana to C. Kamarata, whose christian name is unknown and J. Kamarata, whose christian name is unknown and that from that date the said C. Kamarata, whose christian name is unknown and the said J. Kamarata, whose christian name is unknown, as Partners, continued to carry on the said business as located at 126 South Main Street, in the City of Clinton, Indiana under the name and style of Kamarata Plumbing and Appliances and that said Charles W. Kamarata from that date entered into the employment of said Partnership as Manager.

"5. That in the course of transportation of said shipment of heating equipment, the same came into the hands of this Plaintiff and was delivered to the Defendant, C. Kamarata, whose christian name is unknown and J. Kamarata, whose christian name is unknown, Partners, d/b/a, Kamarata Plumbing and Appliances at 126 South Main Street, in the City of Clinton, Indiana on or about June 20th but that through error on the part of Plaintiff's delivery man the sight draft/bill of lading in the sum of Twelve Hundred Twenty-Four and no/100 ($1224.00) Dollars as heretofore issued by the shipper, Peerless Sales through Union Bank of Lincoln, Nebraska to the Citizens State Bank of Clinton, Indiana was not picked-up at the time said shipment was delivered.

"6. That as soon as said mistake was brought to the attention of this Plaintiff, a representative of Plaintiff called at the place of business of said Partnership and made demand for the original sight/draft/bill of lading and was at that time advised the original sight draft/bill of lading had been mislaid but that search would be made for the same and delivered to this Plaintiff.

"7. That on several subsequent occasions demand has been made by this Plaintiff at the place of business of the Defendants, C. Kamarata, whose christian name is unknown and J. Kamarata, whose christian name is unknown, Partners, d/b/a

Kamarata Plumbing and Appliances at 126 South Main Street, in the City of Clinton, Indiana for said original sight draft/bill of lading or funds in the sum of Eleven Hundred Fifty Two and no/100 Dollars ($1152.00) the same being the actual amount due in payment of said shipment as heretofore shipped by Peerless Sales Company on or about June 14th, 1946 and delivered by this Plaintiff on or about June 20th, 1946 as aforesaid but that the Defendants, C. Kamarata, whose christian name is unknown and J. Kamarata, whose christian name is unknown, Partners, d/b/a, Kamarata Plumbing and Appliances have failed, neglected and refused to pay said sum due.

"8. That in fact said sight draft/bill of lading as heretofore issued by Peerless Sales of Lincoln, Nebraska through Union Bank of Lincoln, Nebraska to the Citizens State Bank of Clinton, Indiana was not at any time picked up and that said original sight draft/bill of lading was returned unhonored by said Citizens State Bank of Clinton, Indiana on or about October 10th, 1946.

"9. That as a Common Carrier it was this Plaintiff's duty to collect from the consignee upon delivery and remit to the shipper, Peerless Sales of Lincoln, Nebraska said sum of ($1152.00) same being the amount due and owing for said shipment of heating equipment or return said shipment undelivered. That demand was thereafter made upon this Plaintiff by said Peerless Sales of Lincoln, Nebraska, for said sum of ($1152.00) and that said sum of ($1152.00) was thereafter paid by this Plaintiff to said Peerless Sales of Lincoln, Nebraska. That by reason of said payment this Plaintiff has become subrogated to the rights of said Peerless Sales in the said sum of ($1152.00) and against the defendants herein and each of them.

"10. That none of the Defendants herein nor any one of them has at any time paid said sum of ($1152.00) for said shipment of 8, oil burning furnaces as delivered on or about June 26th, 1946 as aforesaid and that there has been a long and unreasonable delay in the payment of said sum due.

"WHERE, Plaintiff demands Judgment against Charles W. Kamarata and C. Kamarata, whose christian name is unknown and J. Kamarata, whose christian name is unknown, Partners, d/b/a Kamarata Plumbing and Appliances, Defendants herein and each of them in the sum of Eleven Hundred and Fifty-Two and no/100 Dollars ($1152.00) ; interest at the rate of 6% per annum from June 20th, 1946 to date of Judgment; for the costs of this suit and all other just and proper relief."

We are of the opinion that the trial court did not err in overruling each of the appellants' motions to make the second amended complaint more specific.

As to the separate demurrer of Charles W. Kamarata, we are of the opinion that said second amended complaint did not state a cause of action as to the said Charles W. Kamarata. Therefore, the court erred in overruling said demurrer.

As to the demurrer of C. Kamarata and J. Kamarata, partners, the memorandum of said demurrer reads as follows:

## "MEMORANDUM

"The plaintiff's complaint fails to state facts sufficient to constitute a cause of action against defendant C. Kamarata and J. Kamarata, Partners, in this, to-wit:

"(1) Plaintiff's right to recover in this cause is founded upon plaintiff's claim that plaintiff has become subrogated to the rights of Peerless Sales by reason of having paid the sum of Eleven Hundred Fifty Two Dollars to Peerless Sales for the merchandise alleged to have been delivered by plaintiff to defendants C. Kamarata and J. Kamarata, Partners, but said complaint fails to allege any fact showing any duty or obligation of liability of plaintiff to make such payment to Peerless Sales.

"(2) Said Complaint fails to show any demand made by Peerless Sales upon plaintiff for payment alleged to have been made to it by plaintiff, arising from any duty, obligation or liability on part of plaintiff to pay said sum or any sum to Peerless Sales.

"(3) Said complaint fails to show for what the plaintiff paid to said Peerless Sales the sum of Eleven Hundred Fifty Two Dollars ($1152.00).

"(4) Said complaint wholly fails to state any facts constituting a subrogation of the part of Plaintiff to the right of Peerless Sales."

If the trial court overrules a demurrer to a complaint for want of facts and if such decision is assailed on appeal the court will be confined to the grounds specified in the memorandum. *Baltimore, etc., R. Co.* v. *Huskins* (1915), 183 Ind. 614, 109 N. E. 764; *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457; *Deep Vein Coal Co.* v. *Ward, Admx.* (1919), 70 Ind. App. 161, 123 N. E. 228.

Proposition Number 2, Point Number 1, of appellants' brief, attempts to present that payment of money under a mistake of law cannot be recovered. This question was not raised in the memorandum to appellants' demurrer and, therefore, presents no question.

The theory of appellee's complaint, of course, is subrogation. Appellee failed to follow the terms of its carrying contract; it delivered the merchandise without picking up the bill of lading and it has paid for its error by making good the entire cost to the shipper.

It is appellee's contention that upon payment the appellee was subrogated to the rights of the shipper to collect for this merchandise. 13 C. J. S., Carriers, §186 (c), p. 386, reads in part as follows:

"Where a carrier delivers goods to the consignee without collecting the c. o. d. charges, and is compelled to pay the consignor the amount it should have collected, the carrier has a right of action against the consignee for the money so paid."·

The appellants contend that C. Kamarata and J. Kamarata, were not the owners of the business when the merchandise was so ordered and did not contract with the shipper to buy such merchandise. While this is true, the complaint alleges that they had bought the business after the shipment had been ordered by the previous owner and that they received the shipment. Under these circumstances, there was at least an implied contract that they pay for said merchandise.

The right of subrogation is a doctrine of equity jurisprudence and is founded on principles of natural justice. *Reserve, etc., Ins. Co.* v. *Dulin, Rec.* (1919), 69 Ind. App. 363, 122 N. E. 3; *Railroadmen's Bldg., etc., Assn.* v. *Rifner* (1929), 88 Ind. App. 580, 163 N. E. 236.

The right of subrogation is not founded upon contract, express or implied, but upon principles of equity and justice, and includes every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, which in good conscience should have been paid by the latter. *Davis et al.* v. *Schlemmer, Administrator* (1898), 150 Ind. 472, 50 N. E. 373; *Warford et al.* v. *Hankins* (1898), 150 Ind. 489, 50 N. E. 468; *White River School Tp.* v. *Dorrell* (1901), 26 Ind. App. 538, 59 N. E. 867; *Chamness* v. *Chamness* (1913), 53 Ind. App. 225, 101 N. E. 323; *Spaulding* v. *Harvey et al.* (1891), 129 Ind. 106, 28 N. E. 323.

Where one pays a debt which could not properly be called his own, but which it was his interest to pay, or

which he might have been compelled to pay for another, the law subrogates him to all the rights of the creditor. *Spray* v. *Rodman et al.* (1873), 43 Ind. 225.

> Here the appellee paid a debt due to a third person, for the payment of which another was primarily liable, under compulsion of saving itself from loss, and not as a mere volunteer.

It is our opinion that the trial court did not err in overruling the separate and several demurrers as to C. Kamarata and J. Kamarata, partners, d/b/a Kamarata Plumbing and Appliances.

Specification 5 of the motion for a new trial alleges that the decision or finding of the court is not sustained by sufficient evidence. Plaintiff's Exhibit 1, which was introduced and read in evidence, lists the items of 8 steel drums, 8 casings, 5 cartons blower fans and 5 cartons brick, received and accepted in good order. Kamarata Plumbing, date 6/20/36, freight charges collected $52.60. The following notation appears on said exhibit, "They are going to try to find BofL Ed." Under the evidence of one of the witnesses, Mr. Hilton Hughes, it was brought out that "Ed" was the driver of the truck which made the delivery. Virginia Kamarata testified that she was authorized to sign for deliveries and that she was an employee of the Kamarata Plumbing and that she signed the receipt, Plaintiff's Exhibit 1, "Kamaratas Plumbing".

The evidence further shows that on the day the merchandise was delivered a check in the sum of $52.60, the exact amount of the freight, was given to the truck driver and the check was signed "Joe Kamarata", who was then and there one of the owners of Kamaratas Plumbing.

The evidence also shows that Plaintiff's Exhibit 3 was a letter dated October 1, 1946, wherein the shipper

was threatening suit if the amount of the shipment was not paid and that thereafter the appellee paid the amount of $1,236.24 covering said shipment.

The appellants, C. Kamarata and J. Kamarata, by their answer to said second amended complaint, admit that there was demand made upon them by Paul O. Hertwig, who claimed to be the representative of the plaintiff, for the payment to plaintiff of the sum of $1,152 for the merchandise here concerned and there is evidence in the record that Mr. Hertwig was a representative of the appellee. Appellants, C. Kamarata and J. Kamarata, further admit in said pleading that "they, and none of the defendants herein, nor anyone of them, to their knowledge, has at any time paid said sum of $1,152.00 for said shipment of 8 oil burning furnaces as therein alleged. . . ."

After considering this and other evidence in the record, also the inferences which could be drawn therefrom by the trial court, we are of the opinion that there was sufficient evidence to sustain the decision and judgment of the trial court.

Judgment affirmed as to Caroline Kamarata and Joseph Kamarata.

Judgment reversed as to Charles W. Kamarata and the court is ordered to sustain the motion for a new trial as to Charles W. Kamarata and further ordered to sustain the separate demurrer to the second amended complaint by Charles W. Kamarata.

NOTE.—Reported in 108 N. E. 2d 723.